IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO ORNAMENTAL IRON, INC., et al. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SELECTIVE INSURANCE CO. OF AMERICA, ) <br> et al. ) <br> ) <br> ) <br> Defendants. ) <br> ) | Case No. 1:25-cv-05131 <br><br> District Judge: Hon. Mary M. Rowland <br><br> Magistrate Judge: Hon. Young B. Kim |

The parties, Plaintiffs Chicago Ornamental Iron, Inc. ("COI"), 4340 W. 47th St. LLC ("4340 LLC"), and 4340 Holdings LLC ("4340 Holdings") (collectively, "Plaintiffs") and Defendants Selective Insurance Company of America ("Selective") and AssuredPartners of Illinois, LLC ("Assured"), by and through their respective counsel conferred via Microsoft Teams on May 27, 2025 in accordance with Federal Rule 26(f), and for their Proposed Joint Discovery Plan, state as follows:

**PROPOSED JOINT DISCOVERY PLAN**

**(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;**

No changes will be made in the timing, form, or requirement for disclosures under Rule 26(a). The parties will each serve initial disclosures on the others on or before June 10, 2025.

> **(B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;**

The subjects of discovery are the claims in Plaintiffs' Complaint and any matters raised in Defendants' answers and affirmative defenses thereto. Discovery will adhere to the following schedule:

- Written discovery is to be issued by July 16, 2025;

- Written discovery will be completed by September 26, 2025;

- Fact witness oral discovery is to be completed by December 12, 2025;

- Plaintiffs' expert disclosure(s) and report(s) due by January 30, 2026;

- Defendants' rebuttal expert disclosure(s) and report(s) due by February 27, 2026;

- Plaintiffs' expert(s) to be deposed by April 15, 2026; and

- Defendants' expert(s) to be deposed by May 29, 2026.

> **(C) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;**

The parties do not anticipate any issues about the disclosure or discovery of electronically stored information. To the extent electronically stored items are maintained by the parties, the parties shall initially supply such information in the format of the producing party's choice, while preserving all of such information, in native format, and in a manner consistent with access to availability of metadata, as to each electronically maintained item or document, together with all appropriate, keys, codes or recourse to such subroutines and/or literature as is needed to interpret such data and/or information. The receiving party may, if it has a specific or particularized need, request the production of the unlocked, native electronic version or unlocked metadata of any item,

2

and if available, such unlocked metadata item shall be produced promptly, subject to the objections of the producing party, if any. Pursuant to Rule 26(f), the parties shall otherwise reasonably preserve electronically stored information referenced above, until the resolution of this case.

> **(D) any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;**

The parties propose the following on issues relating to claims of privilege or protection as to trial-preparation material, including – if the parties agree on a procedure to assert such claims after production – whether to ask the court to include their agreement in an order: All discovery requests will be interpreted as not soliciting any material protected either by the attorney/client privilege or work product doctrine, which was created by, or developed by, or in conjunction with, current counsel for the responding party. No privilege log is required for communications with respective current counsel of record herein. The parties are in agreement that the Form LR 26.2 Model Confidentiality Order should be issued for this case and will submit a proposed order for entry.

> **(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and**

The parties do not propose any such changes or additional limitations.

> **(F) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

None at this time.

                                                Respectfully submitted,

                                                **Chicago Ornamental Iron, Inc.,**
                                                **4340 W. 47th St. LLC, and**
                                                **4340 Holdings, LLC**

                               By:    */s/ Andrew S. Johnson*
                                            One of the Attorneys for Plaintiffs

Richard M. Goldwasser
richard.goldwasser@sfbbg.com
Andrew S. Johnson
Andrew.joehnson@sfbbg.com
SCHOENBERG FINKEL BEEDERMAN
     BELL GLAZER LLC
300 S. Wacker Dr., Ste. 1500
Chicago, IL 60606
(312) 648-2300