**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHICAGO ORNAMENTAL IRON, INC., et al. ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> SELECTIVE INSURANCE CO. OF ) <br> AMERICA, et al. ) <br> ) <br> Defendants. ) <br> ) | Case No. 1:25-cv-05131 <br><br> District Judge: Hon. Mary M. Rowland <br><br> Magistrate Judge: Hon. Young B. Kim |

**JOINT STATUS REPORT**

The parties, Plaintiffs Chicago Ornamental Iron, Inc. ("COI"), 4340 W. 47th St. LLC ("4340 LLC"), and 4340 Holdings LLC ("4340 Holdings") (collectively, "Plaintiffs") and Defendants Selective Insurance Company of America ("Selective") and AssuredPartners of Illinois, LLC ("AssuredPartners"), submit this initial joint status report in accordance with the Court's Minute Entry dated June 4, 2025. (ECF No. 21.)

**I.      Nature of the Case**

   **A.      Attorneys of Record**

Plaintiffs are represented by Richard M. Goldwasser (lead trial attorney) and Andrew S. Johnson.

Defendant Selective Insurance Company of America is represented by Michael P. Baniak (lead trial attorney) and Zachary G. Stillman.

Defendant AssuredPartners is represented by Michael J. Abrams, Carrie E. Josserand, and Arielle McPherson.

B.     **Basis for Federal Jurisdiction**

Defendant Assured removed this case pursuant to 28 U.S.C. § 1441. The Court has jurisdiction pursuant to 28 U.S.C. § 1332. On June 5, 2025, the Court found that Defendants established, for pleading purposes, that the parties are completely diverse in citizenship. (ECF No. 26.)

C.     **Nature of Claims Asserted**

This is an insurance coverage dispute with related claims. Plaintiffs' lawsuit includes causes of action for breach of contract (versus Selective), Violation of the Illinois Insurance Code (versus Selective), Violation of the Illinois Consumer Fraud Act (versus Selective), and Professional Negligence, pled in the alternative (versus AssuredPartners).

Defendant AssuredPartners denies that Plaintiffs have stated a claim, as AssuredPartners acted with reasonable competence and diligence. To the extent that Plaintiffs claim that AssuredPartners failed to deliver sufficient coverage requested by Plaintiffs, Plaintiffs had a duty to discover such discrepancy at the time the Policy was acquired. In that event, Plaintiffs' claims against AssuredPartners are barred by the statute of limitations.

D.     **Relief Sought**

Plaintiffs are seeking in excess of $7,800,000 in damages for breach of the insurance contract, attorneys' fees, costs, and additional damages, including punitive damages, pursuant to their statutory claims against Selective, and economic damages against AssuredPartners.

E.     **Major Legal and Factual Issues Anticipated**

The extent of insurance coverage available to plaintiffs, which is heavily fact dependent, will be a central issue in this case. Further, plaintiffs' causes of action also involve evaluation of

the adjustment of the claim at issue by Selective, and the initial procurement of plaintiffs' insurance which involves both Selective and AssuredPartners.

Additionally, there will be fact issues associated with the manner of the claim presentation by plaintiffs.

With respect to the claims against AssuredPartners, the issue will be whether AssuredPartners acted with reasonable competence in assisting with Plaintiffs' procurement of insurance.

**F.     Parties Who Have Not Been Served**

None.

**G.     Proposed Deadline to Amend Pleadings and/or Add Parties**

October 31, 2025.

**II.     Discovery and Pending Motions**

The parties conferred on May 27, 2025 for an initial discovery conference pursuant to Federal Rule 26(f). The parties have all served initial disclosures. On June 24, 2025, Plaintiffs issued their first set of discovery requests to Defendants. The parties anticipate that there will be several experts in this case, with attendant expert discovery.

There are no currently pending motions. The parties may file summary judgment motions as to all or some of the issues in this case.

The parties agree to service of pleadings and other papers by electronic means under Federal Rule of Civil Procedure 5(b)(2)(E).

**III.     Trial**

Plaintiffs included a jury demand with their complaint. The parties anticipate being ready for trial by June 30, 2026. The parties anticipate the trial of this case will take two weeks.

IV.     **Consent and Settlement Discussions**

The parties do not agree to consent to proceed before the Magistrate Judge. Plaintiffs have made an initial settlement demand on Defendant Selective. The parties do not request a settlement conference at this time.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **Chicago Ornamental Iron, Inc., 4340 W. 47th St. LLC, and 4340 Holdings, LLC** |
| By: | */s/ Andrew S. Johnson* <br> One of the Attorneys for Plaintiffs |

Richard M. Goldwasser
richard.goldwasser@sfbbg.com
Andrew S. Johnson
Andrew.joehnson@sfbbg.com
SCHOENBERG FINKEL BEEDERMAN
    BELL GLAZER LLC
300 S. Wacker Dr., Ste. 1500
Chicago, IL 60606
(312) 648-2300