IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHICAGO ORNAMENTAL IRON, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> SELECTIVE INSURANCE COMPANY OF AMERICA, a New Jersey Corporation, and ASSUREDPARTNERS OF ILLINOIS, LLC, an Illinois Limited Liability Company, <br><br> Defendants, | Case No: 1:25-cv-5131 <br> Honorable Mary M. Rowland <br> Mag. Judge Young B. Kim |

**DEFENDANT SELECTIVE INSURANCE COMPANY OF AMERICA'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL (ECF NO. 35)**

Defendant, SELECTIVE INSURANCE COMPANY OF AMERICA (hereafter "Selective"), by and through its attorneys, Litchfield Cavo, LLP, and for its Response to Plaintiffs' Motion to Compel (ECF No. 35), pursuant to this Court's August 29, 2025, Minute Order (ECF No. 39), states as follows:

Plaintiffs' Motion to Compel (ECF No. 35) is moot. After granting extensions to the subject discovery so that Selective could coordinate meaningful responses, Plaintiffs decided enough extensions had been offered and communicated a twenty-four hour ultimatum for Selective to meet for the outstanding discovery. Plaintiffs filed this Motion before Selective responded to that final overture. But since filing this Motion, Selective has served its written responses and objections to Plaintiffs' First Set of Interrogatories and First Requests for Production, which is the subject of this Motion, and is in the process of gathering all responsive, non-privileged materials. Because the relief Plaintiffs seek is already being provided, their Motion should be denied.

1

Moreover, Plaintiffs' request for attorneys' fees under Federal Rule of Civil Procedure 37(a)(5) is unfounded. The delay in responding was substantially justified: as Plaintiffs acknowledge, defense counsel promptly communicated the need for additional time due to technical issues affecting access to client files and ongoing efforts to obtain necessary client input. Plaintiffs agreed to Selective's request for an extension through August 11, 2025, and were advised on August 14 that responses were forthcoming. Then, on Friday, August 22, Plaintiffs' counsel gave the 24-hour ultimatum for a meet and confer. Before Defense Counsel responded, Plaintiffs filed the Motion.

**ARGUMENT**

**I.      Plaintiffs' Motion is Moot.**

A motion to compel is unnecessary where the requested discovery has already been served. Federal Rule of Civil Procedure 37(a)(3)(B) authorizes a motion to compel only where a party "fails to answer an interrogatory…[or] produce documents." Here, Selective served its written responses on August 31, 2025, four days after Plaintiffs filed their Motion, and Selective is in the process of producing non-privileged responsive documents. Accordingly, the Motion is moot and should be denied.

**II.     Selective's Conduct Was Substantially Justified.**

The Federal Rules require responses within thirty days, but extensions may be obtained by stipulation or court order. On July 29, 2025, after the original deadline, undersigned counsel informed Plaintiffs' counsel that technical issues had hindered access to relevant files and requested additional time. Plaintiffs agreed to extend Selective's deadline to August 11, 2025. When further delays arose due to client review, defense counsel communicated that responses would be forthcoming shortly. Far from disregarding its obligations, Selective engaged in the good-faith discussions contemplated by Rule 37(a)(1) and Local Rule 37.2 and worked diligently

2

to compile its responses. Any delay was limited and substantially justified and thus falls within the exception to sanctions under Rule 37(a)(5)(A)(ii).

### III. Sanctions Are Not Warranted.

Discovery sanctions are imposed when (a) a motion to compel is granted and (b) the opposing party's failure to respond was not "substantially justified." Fed. R. Civ. P. 37(a)(5)(A). That is not the case here.

First, the Motion to Compel should be denied as moot. Second, Selective promptly sought, and Plaintiffs agreed to, an extension of its original response deadline until August 11, 2025. When unforeseen technical issues temporarily prevented access to portions of the claim file, defense counsel informed Plaintiffs' counsel and advised that additional time was needed while awaiting client input. Four days after Plaintiffs filed their Motion, Selective served its objections and responses, and its production of responsive non-privileged documents is presently underway. In light of these circumstances, there is no evidence of bad faith or willful disregard of discovery obligations. To the contrary, Selective has responded to the written portions of the discovery and is in the process of producing the relevant, non-privileged materials, as indicated in its objections and responses. The delay resulted in no prejudice to plaintiffs, was of limited duration, and was explained by counsel for Selective. The Court should deny the Motion to Compel as moot and decline Plaintiffs' request for sanctions.

### CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant Selective Insurance Company of America respectfully requests that the Court deny Plaintiffs' Motion to Compel as moot, deny Plaintiffs' request for attorneys' fees and costs, and grant such other relief as the Court deems just and proper.

3

Respectfully Submitted,

Selective Insurance Company of America

By: */s/ Michael P. Baniak*

Michael P. Baniak
Zachary G. Stillman
LITCHFIELD, CAVO, LLP
303 West Madison, Suite 300
Chicago, IL 60606
(312) 781-6596 (Baniak)
 (312) 781-6672 (Stillman)
Baniak@litchfieldcavo.com
Stillman@litchfieldcavo.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2025, I electronically filed the foregoing **DEFENDANT SELECTIVE INSURANCE COMPANY OF AMERICA'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL (ECF NO. 35)** with the Clerk of the Court using the CM/ECF system which will provide notice and service of same on all counsel of record.

By:   */s/ Michael P. Baniak*