**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.3)**
**Eastern Division**

Chicago Ornamental Iron, Inc., et al.
                                        Plaintiff,

v.                                                    Case No.: 1:25−cv−05131
                                                      Honorable Mary M. Rowland

Selective Insurance Co. of America, et al.
                                        Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Monday, September 15, 2025:

      MINUTE entry before the Honorable Young B. Kim: Plaintiffs' motion to compel [35] is granted. Defendant is ordered to produce responsive documents and reimburse $1,000 to Plaintiffs by September 29, 2025. The court finds the monetary sanction to be reasonable to cover Plaintiffs' attorney fees incurred in connection with their motion practice. This court will not require the parties to brief a fee petition because it would only cause the parties to incur more fees. Defendant claims in its response to the motion that it "engaged in good−faith discussions" and "worked diligently" to complete its discovery responses. (R. 40 at 2−3.) But the email chain Plaintiffs attach to their motion, (R. 35 at 31−36), shows instead a pattern of delay and non−compliance. Defendant did not make any attempt to meet its obligations. Indeed, Plaintiffs promptly followed up on Defendant's overdue discovery obligations and attempted to cooperate, only to be ignored, leaving them no choice but to move to compel. Defendant argues that the motion is moot because it served its discovery responses four days after the motion was filed. (R. 40 at 3.) First, Plaintiffs' motion caused Defendant to serve its belated discovery responses. Second, Defendant−−−as of September 4, 2025, when it responded to the motion−−−has still not produced any responsive documents and has not provided a firm deadline for production. (See R. 40 at 2, 3.) Just because provided some discovery responses after the filing of the motion does not mean that Plaintiffs are not entitled to any relief. While this court prefers not to resort to monetary sanctions, Defendant's disingenuous representation of its conduct makes this decision easier in this case. If Defendant's discovery responses and production are deficient and it refuses to supplement its responses and productions, Plaintiffs may file a second motion to compel by October 24, 2025. Parties are also advised that pursuant to Rule of Evidence 502(d), this court orders that "privilege or protection is not waived by disclosure connected with the litigation pending before the court−−−in which event the disclosure is also not a waiver in any other federal or state proceeding." The court further orders that upon written notification from the opposing side that a disclosure of privileged information has occurred, the party shall return and/or destroy the materials at issue or file a motion for a determination on the claimed privilege within seven calendar days of the written notification. (ec, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.