**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHICAGO ORNAMENTAL IRON, INC., et al. | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:25-cv-05131 |
| | ) | |
| SELECTIVE INSURANCE CO. OF AMERICA, et al. | ) | District Judge: Hon. Mary M. Rowland |
| | ) | |
| | ) | Magistrate Judge: Hon. Young B. Kim |
| Defendants. | ) | |

**PLAINTIFFS' MOTION TO COMPEL**

Plaintiffs Chicago Ornamental Iron, Inc. ("COI"), 4340 W. 47th St. LLC ("4340 LLC"), and 4340 Holdings LLC ("4340 Holdings") (collectively, "Plaintiffs"), by and through their undersigned attorneys, move the Court for the entry of an order compelling Defendant Selective Insurance Company of America ("Selective") to answer Plaintiffs' interrogatories and produce outstanding responsive documents. In support of their motion, Plaintiffs state as follows:

**INTRODUCTION AND RELEVANT BACKGROUND**

On June 24, 2025, Plaintiffs served their initial set of discovery requests on Selective. *See* **Exhibit A**. Selective failed to respond to Plaintiffs' discovery requests and Plaintiffs' counsel's request for a meet and confer. Plaintiffs filed a Motion to Compel against Selective (ECF No. 35), which was granted by this Court on September 15, 2025 (ECF No. 41).

Selective responded to Plaintiffs' discovery requests on August 31, 2025 (**Exhibit B**) and supplemented its answers to Plaintiffs' interrogatories on October 17, 2025, and November 11, 2025 (**Exhibit C**). Selective did not supplement its written responses to Plaintiffs' requests for production. In its responses and answers to several of Plaintiffs' Requests for Production (specifically, Request Nos. 15, 16, 19, 20, and 22) and Interrogatories (specifically, Interrogatory

Nos. 23, 24, and 25) excerpted in the Argument section below, Selective asserted wholesale objections to producing any documents or providing any answers.

As required by Federal Rule of Civil Procedure 37(a)(1) and Local Rule 37.2, on October 21, 2025, Plaintiffs met and conferred in good faith with Selective's counsel regarding Selective's deficient answers and responses to the interrogatories and requests for production. Despite these efforts, Selective's counsel confirmed that it was standing on its objections to these interrogatories and requests for production (while agreeing to supplement others, which it did on November 11, 2025). Accordingly, as Selective has taken the position that it will not answer or respond to the written discovery at issue, Plaintiffs bring this motion to compel Selective's compliance with its discovery obligations under the federal rules.

**LEGAL STANDARD**

The Federal Rules of Civil Procedure provide that litigants may obtain "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). The party resisting discovery has the burden to show why discovery should be denied. *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006). General objections or boilerplate objections are insufficient to support the denial of discovery. *In re Aircrash Disaster Near Roselawn, Ind. Oct. 31, 1994*, 172 F.R.D. 295, 307 (N.D. Ill. 1997) (citing *Roesberg v. Johns–Manville Corp.*, 85 F.R.D. 292, 297 (E.D. Pa. 1980)) ("An objection to a document request must clearly specify the objection and how that objection relates to the documents being demanded."). "'Requests for discovery are relevant if there is any possibility that the information sought may be relevant to the subject matter of the action.' The burden rests upon the objecting party to show why a particular discovery request is improper." *MOL (Am.), Inc. v. Carolina Cas. Ins. Co., EICC, Inc.*, 2006 WL 8461734, at *5 (N.D.

Ill. Nov. 1, 2006) (quoting *Kodish*, 235 F.R.D. at 450). Similarly, if a party objects to discovery on the basis of burdensomeness, it must adequately demonstrate the nature and extent of the claimed burden. *Baxter Int'l, Inc. v. AXA Versicherung*, 320 F.R.D. 158, 166 (N.D. Ill. 2017) (quoting *Exec. Mgmt. Servs., Inc. v. Fifth Third Bank*, 2014 WL 5529895, at *7 (S.D. Ind. Nov. 3, 2014)).

Pursuant to Federal Rule 37(a)(3)(B), "[a] party seeking discovery may move for an order compelling an answer…[or] production…This motion may be made if…(iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents[.]" Federal Rule 37(a)(5) provides that "[i]f the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."

## ARGUMENT

### A. Selective's Objections to Plaintiffs' Interrogatories Should be Overruled Because the Requested Information is Relevant and Not Burdensome.

Selective's boilerplate objections do not state why providing responsive information to Plaintiffs would be burdensome, nor do they explain why such information requested is irrelevant to this litigation. Plaintiffs' interrogatories, Selective's answers, and Plaintiffs' explanations as to why each objection is improper and why this Court should compel answers from Selective are set forth below.

#### Interrogatories

**Plaintiffs' Interrogatory No. 23**: State whether Selective has ever been sued for bad faith or wrongful denial of a claim in the last five years. For each such case, state the court, docket number, and outcome.

> **Selective's Answer**: Selective objects to this Interrogatory as irrelevant, unduly burdensome, and seeking information not relevant to any party's claim or defense, and not proportional to the needs of this case.

**Plaintiffs' Response**: Selective's objection is inadequate because it does not state with specificity how and why answering this interrogatory amounts to an undue burden. *See Baxter*, 320 F.R.D. at 166. It is fair to assume that Selective maintains records related to litigation filed against it alleging bad faith or a wrongful denial of claims. To answer this interrogatory, Selective likely only needs to inquire with its legal department to determine whether it has been sued for bad faith or a wrongful denial of claim in the last five years, and if so, identify the court and docket number, and state the outcome of the litigation. Such a request is not unduly burdensome. *See W.W. Grainger, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 2010 WL 11883745, at *3 (N.D. Ill. Oct. 8, 2010) (observing that the defendant insurer likely "maintains independent records of claims resulting in litigation," and assuming so, that the potential relevance of the information "outweighs the potential burden on the defendant.")

Further, Selective's objection is improper because it does not state why the requested information is irrelevant. *See MOL*, 2006 WL 8461734 at *5. Plaintiffs' interrogatory seeks relevant information as the disclosure of similar litigation will assist Plaintiff in determining whether the handling of its claim was consistent with other claims that were tendered to Selective and denied wrongfully or in bad faith. Courts have granted motions to compel such information, noting that such information is relevant to show the insurer's interpretations of the same policy provisions or exclusions relied upon in defending its denial of the pertinent claim. *W.W. Grainger*, 2010 WL 11883745, at *1-3.

> **Plaintiffs' Interrogatory No. 24**: State whether Selective has been the subject of any regulatory complaints related to its claims handling in the past five years. If

> yes, identify the regulatory body and the matter number, the number, the nature of the complaints, and the resolution.
>
> **Selective's Answer**: Selective objects to this Interrogatory as overly broad, unduly burden, seeking information not relevant to any party's claim or defense, and is not proportional to the needs of this case.

**Plaintiffs' Response**: Like Plaintiffs' Interrogatory No. 23, Selective's objection is inadequate because it does not state with specificity how and why answering this interrogatory amounts to an undue burden. *See Baxter*, 320 F.R.D. at 166. As is the case with litigation filed against Selective, it is fair to assume that Selective maintains documents and information related to any regulatory complaints lodged against it, and would need only to consult its legal department to identify records showing whether it has responded to any regulatory complaints, identify the proceedings, and describe the outcomes. *See W.W. Grainger*, 2010 WL 11883745, at *1-3.

Selective again does not with specificity state why the information sought is irrelevant. *See MOL*, 2006 WL 8461734 at *5. The request is relevant to Plaintiffs' claims as Plaintiff is seeking to determine whether the handling of its claim was consistent with bad faith or wrongful denials of other claims tendered to Selective.

> **Plaintiffs' Interrogatory No. 25**: Identify the reserve amount set for plaintiffs' claim and explain how that amount was calculated.
>
> **Selective's Answer**: Selective objects to this Interrogatory as seeking confidential and irrelevant information that is not relevant to any claim or defense in this action.

**Plaintiffs' Response**: Selective's reserve amount is relevant because it illuminates whether Selective has denied Plaintiffs' claim in bad faith and disclosing such information will aid the parties in settlement. Courts across the country have considered and concluded that reserve information is relevant in a bad faith claim against in insurer where the allegations at issue involve whether the insurer conducted a proper investigation and whether the failure of the insurer to offer a reasonable amount to settle the claim is evidenced by the insurer setting aside a substantially

greater amount of reserve for the claim. *See Riverfront Landing Phase II Owners' Ass'n for assignee of Charles Gil Peckham & GT Framing v. Assurance Co. of Am.*, 2008 WL 11344626, at *2 (W.D. Wash. Dec. 16, 2008) (granting motion to compel information requested in interrogatory seeking reserves set by defendant "follow[ing] a long line of cases finding reserve information relevant at the discovery phase of litigation" and citing cases).

Absent controlling precedent from the Seventh Circuit, some cases in this district have disagreed as to the relevance of reserve information, drawing a distinction between claims alleging bad faith or improper claim practices in first-party indemnity cases and third-party liability cases. *See, e.g., Gibson v. Chubb Nat'l Ins. Co.,* 2021 WL 4401434, at *7 (N.D. Ill. Sept. 27, 2021); *Harleysville Lake States Ins. Co. v. Lancor Equities, Ltd.*, 2014 WL 5507572, at *7–8 (N.D. Ill. Oct. 31, 2014); *Spearman Indus., Inc. v. St. Paul Fire & Marine Ins. Co.*, 128 F. Supp. 2d 1148, 1154 (N.D. Ill. 2001). However, these cases do not address a further distinction made by other courts finding such information relevant, which is applicable here. Reserve information is relevant where a bad faith claim "involves [a] Defendant's failure to settle the claim because of a discrepancy regarding the value of the claim rather than an outright denial of coverage." *Solano-Sanchez v. State Farm Mut. Auto Ins. Co.*, 2021 WL 2156367, at *3 (E.D. Pa. May 27, 2021); *compare Spearman Indus., Inc. v. St. Paul Fire & Marine Ins. Co.,* 128 F. Supp. 2d 1148, 1154 (N.D. Ill. 2001) ("[I]n first-party insurance, the policy either provides coverage or does not," and therefore reserve information is inadmissible), *with Riverfront Landing*, 2008 WL 11344626, at *2 (W.D. Wash. Dec. 16, 2008) (quoting *Silva v. Basin W., Inc.*, 47 P.3d 1184, 1193 (Colo. 2002) ("[I]n bad faith actions brought by the insured or its assignee 'the establishment of reserves and settlement authority could be relevant and reasonably calculated to lead to admissible evidence regarding whether the insurance company adjusted a claim in good faith or made a prompt

investigation, assessment, or settlement of a claim.'"); *see also W.W. Grainger*, 2010 WL 11883745 at *4 (granting motion to compel reserve and reinsurance documents and finding such information "relevant" to plaintiff's § 155 bad faith claim). Illinois courts similarly allow discovery into and require production of documents showing the amount of insurance a defendant holds as doing so allows for a realistic appraisal of cases and a sounder basis for settlement. *See People ex rel. Terry v. Fisher*, 145 N.E.2d 588, 593 (Ill. 1957); *Cincinnati Companies v. W. Am. Ins. Co.*, 513, 679 N.E.2d 91, 96 (Ill. App. Ct. 1997), *aff'd,* 701 N.E.2d 499 (Ill. 1998) (citing *Fisher*, 145 N.E.2d at 593). As shown by the reasoning from courts considering the distinction where a bad faith claim arises out of a dispute regarding the claim's valuation rather than simply an outright denial of coverage, reserve information is relevant here for Plaintiffs to determine whether Selective acted in bad faith or improperly during its investigation and conclusions regarding Plaintiffs' claims, and to assess settlement prospects.

Finally, objecting on the basis of confidentiality is not proper. Confidentiality does not afford a privilege to any information and such information remains discoverable. *See Ratchford v. AEG Ventures, LLC.*, 2019 WL 10248702, at *2 (N.D. Ill. Aug. 6, 2019) (quoting *Design Basics, LLC v. Best Built Inc.*, 2016 WL 8214791, at *2 (E.D. Wis. Sept. 28, 2016) (confidential documents "are discoverable if relevant to the pending action and proportional to the needs of the case; this is especially true 'when there is a protective order in place to prevent unauthorized disclosure.'"); *In re Davis,*2018 WL 6444176, at *4 (Bankr. N.D. Ill. Sept. 18, 2018) (granting motion to compel and over objections on the "grounds of 'confidentiality' or 'competitive sensitivity'" as "[t]here is no privilege against the discovery of trade secrets or commercially sensitive information"). Even assuming the objection was proper, Selective does not meet its

burden in establishing why such reserve information is confidential or why it should not move for a protective order in this litigation.

**B. Selective's Objections to Plaintiffs' Requests for Production are Meritless and the Requested Documents are Relevant and Proportional.**

In response to several of Plaintiffs' Requests for Production, Selective improperly objected by failing to articulate its bases for its relevance and undue burden objections. Plaintiffs' requests for production, Selective's responses, and Plaintiffs' explanations as to why each objection is improper and why this Court should compel responses from Selective are set forth below.

**Requests for Production**

> **Plaintiffs' Request for Production No. 15**: Produce all internal guidelines, manuals, training manuals, or bulletins relating to claims handling, including underinsurance determinations, co-insurance clauses, and how they are applied in claims.
>
> **Selective's Response**: Selective objects to this Request because it seeks information and documents that are irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

**Plaintiffs' Response**: How claims are handled by Selective is relevant as Plaintiffs allege that Selective improperly handled their claims, and Selective's internal guidelines, training manuals, and similar documents may show a failure of Selective to follow its own policies or that Selective's policies are themselves improper as applied to Plaintiffs' claims. Courts have found insurers' claims manuals and directives instructing its personnel how to handle claims relevant and compelled their production over the insurers' objections. *See MOL*, 2006 WL 8461734 at *4-5; *Prisco Serena Sturm Architects, Ltd. v. Liberty Mut. Ins. Co.*, 1996 WL 89225, at *1 (N.D. Ill. Feb. 27, 1996) ("[W]here allegations of bad faith exist against an insurance company, the plaintiff insured is entitled to know the substance of the investigation, the information available and used to make a decision, and the evaluations and advice relied upon for the decision.").

> **Plaintiffs' Request for Production No. 16**: Produce any communications or documents related to the initial setting and/or adjustment of the reserve amount for plaintiffs' claims.
>
> **Selective's Response**: Selective objects to this Request because it seeks information and documents that are irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

**Plaintiffs' Response**: Plaintiffs incorporate by reference their response, *supra*, to Selective's objections to Plaintiffs' Interrogatory No. 25. For these reasons, Selective's objections are inadequate and the documents requested related to reserve information are relevant to Plaintiffs' claims.

> **Plaintiffs' Request for Production No. 19**: Produce all reinsurance agreements to plaintiffs' claim.
>
> **Selective's Response**: Selective objects to this request as irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, seeking attorney-client privileged and work product protected information, and seeking private and confidential information.

**Plaintiffs' Response**: Reinsurance agreements are relevant to Plaintiffs' claims as they are relevant to the insurers' interpretation of the scope of coverage of the policy at issue and "are discoverable under Rule 26[]." *Great Lakes Dredge & Dock Co. v. Com. Union Assur. Co.*, 159 F.R.D. 502, 504 (N.D. Ill. 1995); *see also Harleysville*, 2014 WL 5507572, at *9 (granting motion to compel disclosure of "any reinsurance agreement that may indemnify" insurer for insured's claim). Selective has only provided a boilerplate relevancy objection. Plaintiffs' do not seek any privileged information with this request, and Selective's wholesale confidentiality objection to producing reinsurance agreements is improper. *See Ratchford*, 2019 WL 10248702 at *2; *In re Davis,*2018 WL 6444176 at *4.

> **Plaintiffs' Request for Production No. 20**: Produce any internal audit reports, compliance reviews, or memoranda relating to Selective's handling of property claims within the last five years.

> **Selective's Response**: Selective objects to this request as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, seeking information not relevant to any party's claim or defense, and seeking the disclosure of confidential, proprietary, commercially sensitive, and/or trade secret information about Selective's internal processes and procedures.

**Plaintiffs' Response**: Plaintiffs incorporate by reference their response, *supra*, to Selective's objections to Plaintiffs' Request for Production No. 15. For these reasons, Selective's objections are inadequate and the documents requested related to internal audits, compliance reviews, or memoranda relating to Selective's handling of property claims within the last five years are relevant to Plaintiffs' claims.

> **Plaintiffs' Request for Production No. 22**: Produce any regulatory complaints, consumer complaints, or legal actions involving Selective related to underinsurance disputes within the past five years.

> **Selective's Response**: Selective objects to this request as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, seeking information not relevant to any party's claim or defense, and seeking the disclosure of confidential, proprietary, commercially sensitive, and/or trade secret information about Selective's internal processes and procedures.

**Plaintiffs' Response**: Plaintiffs incorporate by reference their responses, *supra*, to Selective's objections to Plaintiffs' Interrogatory Nos. 23 and 23. Selective does not adequately explain the bases for its objections, and confidentiality, in and of itself, is not a proper basis to object to producing responsive documents. *See Baxter*, 320 F.R.D. at 166; *MOL*, 2006 WL 8461734 at *5; *Ratchford*, 2019 WL 10248702 at *2; *In re Davis,*2018 WL 6444176 at *4. For these reasons, Selective's objections are insufficient and the documents requested related to regulatory complaints or litigation as specified in this request are relevant to Plaintiffs' claims.

## CONCLUSION

Based on the foregoing Plaintiffs Chicago Ornamental Iron, Inc., 4340 W. 47th St. LLC, and 4340 Holdings LLC respectfully request that the Court enter an Order in favor of Plaintiffs and against Defendant Selective Insurance Company of America, compelling Selective to respond to Plaintiffs' Request for Production Nos. 15, 16, 19, 20, and 22 and produce documents responsive to those requests, as well as to answer Plaintiffs' Interrogatory Nos. 23, 24, and 25, awarding Plaintiffs their reasonable attorneys' fees and costs incurred in bringing the instant motion, and for such other and further relief as the Court deems necessary and just.

Respectfully submitted,

**Chicago Ornamental Iron, Inc., 4340 W. 47th St. LLC, 4340 Holdings LLC**

By: /s/ *Richard M. Goldwasser*
One of Their Attorneys

Richard M. Goldwasser
richard.goldwasser@sfbbg.com
Andrew S. Johnson
andrew.johnson@sfbbg.com
Christopher A. Nelson
christopher.nelson@sfbbg.com
**SCHOENBERG FINKEL BEEDERMAN BELL GLAZER LLC**
300 South Wacker, Dr. Suite 1500
Chicago, Illinois 60606
(312) 648-2300

**CERTIFICATE OF SERVICE**

I hereby certify that on December 19, 2025, a true and correct copy of the foregoing document has been filed electronically and served on the parties via the Court's electronic filing system or by mail to anyone unable to accept electronic filings. Parties may access this filing through the Court's CM/ECF system.

/s/ *Richard M. Goldwasser*
Richard M. Goldwasser