# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHICAGO ORNAMENTAL IRON, INC., et al. | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:25-cv-05131 |
| | ) | |
| SELECTIVE INSURANCE CO. OF AMERICA, | ) | District Judge: Hon. Mary M. Rowland |
| et al. | ) | |
| | ) | Magistrate Judge:  Hon. Young B. Kim |
| Defendants. | ) | |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Plaintiffs Chicago Ornamental Iron, Inc. ("COI"), 4340 W. 47th St. LLC ("4340 LLC"), and 4340 Holdings LLC ("4340 Holdings") (collectively, "Plaintiffs"), by and through their undersigned attorneys, in accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure, hereby request that Defendant Selective Insurance Company of America ("Selective") respond to the following interrogatories in writing and under oath within 30 days of service.

**DEFINITIONS**

1.      "Selective" or "You" shall mean Defendant Selective Insurance Company of America, its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time during the relevant time period specified herein.

2.      "COI" shall mean Plaintiff Chicago Ornamental Iron, Inc., its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives,

consultants, accountants, and attorneys, including any person who served in any such capacity at any time during the relevant time period specified herein.

3.      "4340 LLC" shall mean Plaintiff 4340 W. 47th St. LLC, its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time during the relevant time period specified herein.

4.      "4340 Holdings" shall mean Plaintiff 4340 Holdings LLC, its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time during the relevant time period specified herein.

5.      "Plaintiffs" shall mean COI, 4340 LLC, and 4340 Holdings, collectively.

6.      "Complaint" means the Complaint filed on April 3, 2025 in the Circuit Court of Cook County with Case No. 2025L004635.

7.      "Communication" means any oral or written utterance, notation, or statement of any nature whatsoever, and any non-verbal transmission, relay or exchange of information or knowledge, by and to whosoever made, including but not limited to correspondence, telecopied, telephonic, wire or computer transmissions, text or other instant messages, e-mail, conversations, dialogues, discussions, interviews, consultations, agreements, and understandings between or among two or more persons.

8.      "Document" is synonymous in meaning and equal in scope to its usage in the Federal Rules of Civil Procedure, including writings, drawings, graphs, charts, photographs, sound

recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form or any designated tangible things, or entry onto land or other property. The term "document" refers to any document now or at any time in Your possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

9.      Electronically Stored Information ("ESI") includes, without limitation, the following:

      a.  information that is generated, received, processed, and recorded by computers and other electronic devices including, without limitation, voicemail;

      b.  internal or external websites;

      c.  output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, AOL Instant Messenger (or similar programs) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

      d.  activity listings of electronic mail receipts and/or transmittals; and any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or on any other media for digital data storage or transmittal, such as, but not limited to, a personal digital assistant, e.g., Palm Pilot, Blackberry, or similar device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all documents requested herein.

10.      "Identify" with respect to a person means to give, to the extent known, the person's (a) full name; (b) present or last known address; and (c) current or last known place of employment.

11.     "Identify" with respect to a document means to give, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s) and recipient(s).

12.     "Identify" with respect to communications means to give, to the extent known, (a) a description of the substance of the communication; (b) the form of the communication (e.g., telephone, facsimile, email, etc.); (c) the identity of all parties to and/or present at the time of the communication, as well as the full name, present or last known address, and the current or last known place of employment of each person; (d) the identity of the person whom you contend initiated the communication; and (e) the time, date, and place of the communication.

13.     "Person" means any natural person or any legal entity, including but not limited to any business or governmental entity, organization, or association.

14.     "Relate" or "relating" means consisting of, referring to, reflecting, or being in any way logically or factually connected with the matter discussed.

## INSTRUCTIONS

1.     The relevant time period for these Interrogatories, unless otherwise stated, is January 1, 2022 through the present.

2.     Each Interrogatory is to be answered fully based on information in your possession, custody, or control, or in the possession, custody, or control of your representatives, agents, or attorneys.

3.     If you object to any Interrogatory or any portion of an Interrogatory on the ground that the answer reflects or would reveal the substance of a privileged communication, identify:

        a.     the nature of the privilege claimed;

        b.     the person who made the communication, whether oral or in writing;

c.     if the communication was oral, all persons present while the communication was made;

d.     if the communication was written, the author, addressees, and any other recipients;

e.     the relationship of the author of the communication to each recipient;

f.     the relationship of the persons present to the person who made the communication;

g.     the date and place of the communication; and

h.     the general subject matter of the communication.

4.     When an Interrogatory asks You to "describe in detail the factual basis" of or for a particular claim, statement, defense, allegation or assertion, You are required to:

a.     Describe in detail the legal and factual theory upon which You rely in making the claim, statement, defense, allegation or assertion;

b.     Identify every Document (and, where pertinent, the section, article and/or subparagraph thereof), which forms, constitutes, evidences, relates or refers to, directly or indirectly, any part of the source of your information regarding the alleged facts and/or legal conclusions referred to by the Interrogatory;

c.     Identify every oral communication which forms any part of the sources of your information regarding the alleged facts and/or legal conclusion referred to by the Interrogatory; and

d.     State separately the acts and/or omissions to act on the part of any person (including corporations), identify the acts and/or omissions to act by stating their nature, time, place and identify the persons involved, which contribute to or form the basis of your

information regarding the alleged facts and/or legal conclusions referred to in the Interrogatory.

## INTERROGATORIES

1.     Identify all persons providing information used to answer these interrogatories and the interrogatory for which that person's information is being used.

**ANSWER:**

2.     Identify all persons involved in the decision to approve, deny, reduce, or otherwise limit payment of plaintiffs' claim, including their names, job titles, and role in the decision-making process.

**ANSWER:**

3.     State in detail each and every reason Selective denied or limited payment of plaintiffs' claim. Include all facts, circumstances, and policy provisions Selective relied on in making that determination.

**ANSWER:**

4.     State whether Selective conducted an investigation of plaintiffs' claim. If so, identify all individuals and entities involved, describe the nature and scope of the investigation, and provide the date(s) the investigation was conducted.

**ANSWER:**

5.     Describe in detail the methodology Selective used to determine the replacement cost or insurable value of the insured building for purposes of evaluating whether it was underinsured.

**ANSWER:**

6.      Identify all persons who participated in or contributed to the determination that the building was underinsured. Include their name, title, role, and involvement.

**ANSWER:**

7.      State the replacement cost value Selective determined for the insured building, and explain how this value was calculated, including identifying all data, software, or tools used.

**ANSWER:**

8.      Identify and describe any communications Selective had with plaintiffs, plaintiffs' agent, or broker regarding the appropriate coverage limits or value of the building before issuance or renewal of the policy.

**ANSWER:**

9.      State whether Selective or its agents conducted any inspection or valuation of the insured building before the policy was issued or renewed. If so, state when the inspection or valuation occurred and identify the person(s) involved and describe the findings of the inspection or valuation.

**ANSWER:**

10.     State whether Selective or its agents conducted any inspection or valuation of the insured building after the policy was issued or renewed. If so, state when the inspection or valuation occurred and identify the person(s) involved and describe the findings of the inspection or valuation.

**ANSWER:**

11.     Identify any third-party vendor, estimator, software, or appraisal system used in determining the replacement cost or valuation of the insured property.

**ANSWER:**

12.    State the amount of insurance coverage Selective recommended, quoted, or suggested to plaintiffs or plaintiffs' agent at the time the policy was issued or last renewed.

**ANSWER:**

13.    State whether plaintiffs' policy was subject to a co-insurance clause, and if so, explain how the clause was applied to plaintiffs' claim, including the formula or percentage used.

**ANSWER:**

14.    State whether Selective has ever communicated any warning, disclosure, or notice to plaintiffs concerning the risk of underinsurance, and if so, identify when and how such notice was provided.

**ANSWER:**

15.    Identify all premium payments received from plaintiffs, including the date and amount of payment.

**ANSWER:**

16.    Identify all payments made to plaintiffs for their claim, including the date and amount of payment.

**ANSWER:**

17.    Identify all oral communications between Selective and plaintiffs relating to plaintiffs' claim and state: (a) who participated in the conversation; (b) when the conversation occurred; (c) whether the conversation was in person, telephone, or other means; (d) where the conversation occurred; and (e) what was said by each of the participants.

**ANSWER:**

18.    Describe in detail all oral communications between Selective and any third-party regarding plaintiffs' claim, including identifying: (a) who participated in the conversation; (b)

when the conversation occurred; (c) whether the conversation was in person, telephone, or other means; (d) where the conversation occurred; and (e) what was said by each of the participants.

**ANSWER:**

19.     Identify all documents, photographs, videos, engineering reports, adjuster notes, or other records that Selective reviewed and/or relied on in approving, denying, reducing or otherwise limiting plaintiffs' claim.

**ANSWER:**

20.     Identify the categories of documents maintained in Selective's claim file for plaintiffs' claim.

**ANSWER:**

21.     State whether Selective obtained any third-party opinions in connection with adjusting plaintiffs' claim. If so, identify each third-party, the date of the opinion, and summarize the substance of each opinion.

**ANSWER:**

22.     Identify all expert witnesses Selective will call to testify at trial along with: (i) the subject matter on which the witness will testify; (ii) the conclusions and opinions of the witness and the bases therefor; (iii) the qualifications of the witness; and (iv) any reports prepared by the witness about the case.

**ANSWER:**

23.     State whether Selective has ever been sued for bad faith or wrongful denial of a claim in the last five years. For each such case, state the court, docket number, and outcome.

**ANSWER:**

24.     State whether Selective has been the subject of any regulatory complaints related to its claims handling in the past five years. If yes, identify the regulatory body and the matter number, the number, the nature of the complaints, and the resolution.

**ANSWER:**

25.     Identify the reserve amount set for plaintiffs' claim and explain how that amount was calculated.

**ANSWER:**

Respectfully submitted,

**Chicago Ornamental Iron, Inc.,
4340 W. 47th St. LLC, and
4340 Holdings, LLC**

By:     _/s/ Richard M. Goldwasser_
One of the Attorneys for Plaintiffs

Richard M. Goldwasser
richard.goldwasser@sfbbg.com
Andrew S. Johnson
Andrew.joehnson@sfbbg.com
SCHOENBERG FINKEL BEEDERMAN
          BELL GLAZER LLC
300 S. Wacker Dr., Ste. 1500
Chicago, IL 60606
(312) 648-2300

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, Gabriela S. Fernandez, a non-attorney, does hereby certify that on June 24, 2025, he served a copy of the foregoing ***Plaintiffs' First Set of Interrogatories,*** via email upon the following:

**Michael Paul Baniak**
**Zachary G Stillman**
Litchfield Cavo LLP
303 W Madison Street, Suite 300
Chicago, IL 60606
baniak@litchfieldcavo.com
stillman@litchfieldcavo.com

**Michael J Abrams**
**Arielle Mcpherson**
Lathrop GPM LLP 2345
Grand Avenue, Suite 2800
Kansas City, MO 64108-2684
michael.abrams@lathropgpm.com
rielle.mcpherson@lathropgpm.com

**Carrie E. Josserand**
Lathrop & Gage LLP
10851 Mastin Blvd., Suite 1000
Overland Park, KS 66210-1669
cjosserand@lathropgage.com

*/s/ Gabriela S. Fernandez*
Gabriela S. Fernandez

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHICAGO ORNAMENTAL IRON, INC., et al. | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:25-cv-05131 |
| | ) | |
| SELECTIVE INSURANCE CO. OF AMERICA, et al. | ) | District Judge: Hon. Mary M. Rowland |
| | ) | |
| | ) | Magistrate Judge: Hon. Young B. Kim |
| Defendants. | ) | |
| | ) | |

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**

Plaintiffs Chicago Ornamental Iron, Inc. ("COI"), 4340 W. 47th St. LLC ("4340 LLC"), and 4340 Holdings LLC ("4340 Holdings") (collectively, "Plaintiffs"), by and through their undersigned attorneys, in accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure, serve the following Request for Production on Defendant Selective Insurance Company of America ("Selective") to be answered fully within 30 days of service.

**DEFINITIONS**

1.     "Selective" or "You" shall mean Defendant Selective Insurance Company of America, its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time during the relevant time period specified herein.

2.     "COI" shall mean Plaintiff Chicago Ornamental Iron, Inc., its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives,

consultants, accountants, and attorneys, including any person who served in any such capacity at any time during the relevant time period specified herein.

3.      "4340 LLC" shall mean Plaintiff 4340 W. 47th St. LLC, its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time during the relevant time period specified herein.

4.      "4340 Holdings" shall mean Plaintiff 4340 Holdings LLC, its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time during the relevant time period specified herein.

5.      "Plaintiffs" shall mean COI, 4340 LLC, and 4340 Holdings, collectively.

6.      "Complaint" means the Complaint filed on April 3, 2025 in the Circuit Court of Cook County with Case No. 2025L004635.

7.      "Communication" means any oral or written utterance, notation, or statement of any nature whatsoever, and any non-verbal transmission, relay or exchange of information or knowledge, by and to whosoever made, including but not limited to correspondence, telecopied, telephonic, wire or computer transmissions, text or other instant messages, e-mail, conversations, dialogues, discussions, interviews, consultations, agreements, and understandings between or among two or more persons.

8.      "Document" is synonymous in meaning and equal in scope to its usage in the Federal Rules of Civil Procedure, including writings, drawings, graphs, charts, photographs, sound

recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form or any designated tangible things, or entry onto land or other property. The term "document" refers to any document now or at any time in Your possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

9.      Electronically Stored Information ("ESI") includes, without limitation, the following:

     a.  information that is generated, received, processed, and recorded by computers and other electronic devices including, without limitation, voicemail;

     b.  internal or external websites;

     c.  output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, AOL Instant Messenger (or similar programs) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

     d.  activity listings of electronic mail receipts and/or transmittals; and any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or on any other media for digital data storage or transmittal, such as, but not limited to, a personal digital assistant, e.g., Palm Pilot, Blackberry, or similar device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all documents requested herein.

10.     "Identify" with respect to a person means to give, to the extent known, the person's (a) full name; (b) present or last known address; and (c) current or last known place of employment.

11.     "Identify" with respect to a document means to give, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s) and recipient(s).

12.     "Identify" with respect to communications means to give, to the extent known, (a) a description of the substance of the communication; (b) the form of the communication (e.g., telephone, facsimile, email, etc.); (c) the identity of all parties to and/or present at the time of the communication, as well as the full name, present or last known address, and the current or last known place of employment of each person; (d) the identity of the person whom you contend initiated the communication; and (e) the time, date, and place of the communication.

13.     "Person" means any natural person or any legal entity, including but not limited to any business or governmental entity, organization, or association.

14.     "Relate" or "relating" means consisting of, referring to, reflecting, or being in any way logically or factually connected with the matter discussed.

## INSTRUCTIONS

1.     In producing documents and other materials, you are requested to furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, partners, members, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives or investigators.

2.     If any requested document is not or cannot be produced in full, produce it to the extent possible, indicating which document, or portion of that document is being withheld, and the reason that document is being withheld.

3.      In producing documents, you are requested to produce each document requested together with all non-identical copies and drafts of that document. If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4.      Documents shall be produced as they are kept in the usual course of business or organized and labeled to correspond to the categories in these Requests.

5.      With respect to ESI:

a.      All electronic mail and spreadsheets responsive to these Requests that are maintained in the usual course of business in electronic format shall be produced in their *native* format along with the software necessary to interpret such files if such software is not readily available.

b.      All other documents responsive to these Requests that are maintained in the usual course of business in electronic format shall be produced in properly utilized, multi-page TIFF Group IV format complete with fill text extracts and all associated metadata.

c.      All documents responsive to these Requests shall be produced with the metadata normally contained within such documents, and the necessary Concordance load files. If such metadata is not available, each document shall be accompanied by a listing of all file properties concerning such document, including, but not limited to, all information concerning the date(s) the document was last accessed, created, modified or distributed, and the author(s) and recipient(s) of the document.

d.      Under no circumstances should ESI be converted from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome to use ESI. ESI should not be produced in a form that removes or significantly degrades the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means. Databases or underlying data should not be produced without first discussing production format issues with Plaintiff's counsel. If you decline to search or produce ESI on the ground that such ESI is not reasonably accessible because of undue burden or cost, identify such information by category or source and provide detailed information regarding the burden of cost you claim is associated with the search or production of such ESI.

6.      All documents shall be produced in the file folder, envelope or other container in which the documents are kept or maintained by you. If, for any reason, the container cannot be produced, produce copies of all labels or other identifying marks.

7.      Documents attached to each other should not be separated.

8.      Documents not otherwise responsive to these Requests shall be produced if such documents mention, discuss, refer to, or explain the documents which are called for by these Requests, or if such documents are attached to documents called for by these Requests and constitute routing slips, transmittal memoranda, or letters, comments, evaluations or similar materials.

9.      In responding to each Request, if you encounter any ambiguity in construing a Request or any definitions and instructions relevant thereto, you shall set forth the matter or term deemed "ambiguous" and the construction chosen or used in responding to such Request.

10.     In the event that any of the documents requested herein have been lost or destroyed, you shall: (i) furnish a list identifying each such document, its author and addressee; (ii) identify each person to whom copies of the documents were furnished or to whom its contents thereof were communicated; (iii) provide a summary of the substance of the document; (iv) provide the date upon which the document was destroyed; and (v) state the reason the document was destroyed.

11.     If a privilege is claimed as the basis for objection to producing any document, you shall:

> (i)      state the nature of the privilege claimed; (ii) state the date of such document; (iii) identify the person who prepared such document; (iv) identify the person(s) to whom the document was directed or circulated; (v) identify the person(s) who has custody of such document or a copy of such document; (vi) state any and all facts and reasons that support each objection; (vii) state the reason(s) for the preparation of the document; (viii) identify each person(s) who has knowledge of any of the facts or reasons that support such objection; and (ix) provide all information relating thereto which is not within the scope of the privilege claimed.

12.     Whenever a document is not produced in full or is produced in redacted form, so indicate on the document and state with particularity the reason or reasons it is not being produced in full.

13.     These Requests shall be deemed continuing so as to require further and supplemental production if, between the date hereof and the time of hearing or trial, any additional documents responsive to these Requests come into your possession, custody or control or the possession, custody or control of your agents or representatives, including without limitation any attorneys, accountants and advisors. You are to produce any such additional documents within two (2) days of their coming into your possession, custody or control or the possession, custody or control of your agents or representatives.

14.     The relevant time period for this Request, unless otherwise stated, is January 1, 2022 through the present.

## DOCUMENTS REQUESTED

1.     Produce the complete insurance policy issued to plaintiffs, including all endorsements, schedules, declarations, and any renewals in effect at the time of the loss.

**RESPONSE:**

2.     Produce the entire claim file for plaintiffs' claim, including notes, communications, internal memos, emails, video, photographs, recordings, logs, reports, and any related attachments.

**RESPONSE:**

3.     Produce all statements of loss relating to plaintiffs' claim.

**RESPONSE:**

4.      Produce all communications between Selective and plaintiffs, plaintiffs' broker, agent, and attorneys regarding plaintiffs' claim.

**RESPONSE:**

5.     Produce all communications between Selective and any third-party regarding plaintiffs' claim.

**RESPONSE:**

6.     Produce all communications exchanged internally by Selective regarding plaintiffs' claim.

**RESPONSE:**

7.     Produce all documents Selective intends to introduce into evidence at trial (or any evidentiary hearing), to use for summary judgment purposes, or to use for cross-examination.

**RESPONSE:**

8.     Produce all documents evidencing plaintiffs' payment of premiums.

**RESPONSE:**

9.     Produce all documents evidencing payments made by Selective to plaintiffs for plaintiffs' claim.

**RESPONSE:**

10.     Produce all documents accompanying payments made by Selective to plaintiffs for plaintiffs' claim.

**RESPONSE:**

11.     Produce all statements taken by Selective relating to plaintiffs' claim.

**RESPONSE:**

12.     Produce all documents reflecting Selective's determination that the insured building was underinsured, including calculations, spreadsheets, formulas, or analysis performed.

**RESPONSE:**

13.     Produce any valuation reports, software outputs or internal estimates of the building's replacement cost generated by Selective or third parties.

**RESPONSE:**

14. Produce all underwriting files related to plaintiffs' policy, including applications, inspections, internal notes, and internal recommendations or approvals.

**RESPONSE:**

15. Produce all internal guidelines, manuals, training materials, or bulletins relating to claims handling, including underinsurance determinations, co-insurance clauses, and how they are applied in claims.

**RESPONSE:**

16. Produce any communications or documents related to the initial setting and/or adjustment of the reserve amount for plaintiffs' claim.

**RESPONSE:**

17. Produce all contracts with any third-party (including consultants, appraisers, or engineers) concerning plaintiffs' claim, including valuation, repair, or replacement of the building or other covered property.

**RESPONSE:**

18. Produce all documents sent to or received from any third-party (including consultants, appraisers, or engineers) concerning plaintiffs' claim, including valuation, repair, or replacement of the building or other covered property.

**RESPONSE:**

19. Produce all reinsurance agreements relating to plaintiffs' claim.

**RESPONSE:**

20. Produce any internal audit reports, compliance reviews, or memoranda relating to Selective's handling of property claims within the last five years.

**RESPONSE:**

21.     Produce copies of any notices, warnings, or disclosures provided to plaintiffs advising of the risk or implications of underinsuring the property.

**RESPONSE:**

22.     Produce any regulatory complaints, consumer complaints, or legal actions involving Selective related to underinsurance disputes within the past five years.

**RESPONSE:**

23.     Produce all expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B).

**RESPONSE:**


Respectfully submitted,

**Chicago Ornamental Iron, Inc.,
4340 W. 47th St. LLC, and
4340 Holdings, LLC**

By:     */s/ Richard M. Goldwasser*
        One of the Attorneys for Plaintiffs

Richard M. Goldwasser
richard.goldwasser@sfbbg.com
Andrew S. Johnson
Andrew.joehnson@sfbbg.com
SCHOENBERG FINKEL BEEDERMAN
        BELL GLAZER LLC
300 S. Wacker Dr., Ste. 1500
Chicago, IL 60606
(312) 648-2300

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, Gabriela S. Fernandez, a non-attorney, does hereby certify that on June 24, 2025, he served a copy of the foregoing ***Plaintiffs' First Request for Production,*** via email upon the following:

**Michael Paul Baniak**
**Zachary G Stillman**
Litchfield Cavo LLP
303 W Madison Street, Suite 300
Chicago, IL 60606
baniak@litchfieldcavo.com
stillman@litchfieldcavo.com

**Michael J Abrams**
**Arielle Mcpherson**
Lathrop GPM LLP 2345
Grand Avenue, Suite 2800
Kansas City, MO 64108-2684
michael.abrams@lathropgpm.com
rielle.mcpherson@lathropgpm.com

**Carrie E. Josserand**
Lathrop & Gage LLP
10851 Mastin Blvd., Suite 1000
Overland Park, KS 66210-1669
cjosserand@lathropgage.com

*/s/ Gabriela S. Fernandez*
Gabriela S. Fernandez