# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHICAGO ORNAMENTAL IRON, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SELECTIVE INSURANCE COMPANY OF AMERICA, a New Jersey Corporation, and ASSUREDPARTNERS OF ILLINOIS, LLC, an Illinois Limited Liability Company,<br><br>Defendants. | Case No: 1:25-cv-5131<br>Honorable Mary M. Rowland |

**DEFENDANT SELECTIVE INSURANCE COMPANY OF AMERICA'S ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Defendant, Selective Insurance Company of America ("Selective"), by and through its attorneys, LITCHFIELD CAVO LLP, and for its Answers to Plaintiffs' Interrogatories, state as follows:

**GENERAL OBJECTIONS**

1. Selective objects to each interrogatory that seeks information protected from disclosure by the attorney-client privilege or attorney work-product doctrine.

2. Selective objects to each interrogatory that seeks information that is of a confidential or proprietary nature.

3. Selective objects to any definition and/or instruction to the extent that it purports to impose any obligation greater than that delineated by the Federal Rules of Civil Procedure and any other applicable rules.

4. Selective objects to any interrogatory that is unlimited in time or not limited to the time relevant to this litigation on the grounds that it seeks information which is neither relevant to

any issue in this litigation nor likely to lead to the discovery of admissible evidence and is therefore outside the scope of permissible discovery. Further objection is made to each such interrogatory as being overly broad and unduly burdensome.

5. Selective objects to the discovery information regarding reinsurance, because such discovery is irrelevant, overbroad, potentially seeks attorney-client privileged and work product protected information, and seeks private and confidential information.

6. Selective reserves the right to challenge the competency, relevancy, materiality, and/or admissibility at trial or in any subsequent proceeding of this or any other action of any response made to these interrogatories. These responses should not be construed as an admission by Selective as to the competency, relevancy, materiality, and/or admissibility of any fact, any information, or of the truth or accuracy of any characterization of any kind contained in these discovery responses.

7. Selective has not completed discovery in this case, and has not completed preparation for trial. Selective's responses are based upon information currently known and available to Selective. Selective reserves the right to amend and/or supplement these responses.

8. Selective reserves its right to raise additional objections should that become necessary or appropriate.

**INTERROGATORIES**

1. Identify all persons providing information used to answer these interrogatories and the interrogatory for which that person's information is being used.

**ANSWER: These are the corporate answers of Defendant Selective Insurance Company of America, verified by Ronald Rudow, Director of Property Large Loss Claims.**

2. Identify all persons involved in the decision to approve, deny, reduce, or otherwise limit payment of plaintiffs' claim, including their names, job titles, and role in the decision-making process.

**ANSWER: Information responsive to this Interrogatory, including identities of the individuals involved in the decision-making process, their job titles, and their roles, is contained in the nonprivileged portions of the claim file maintained by Selective. A copy of the nonprivileged portions of the claim file is being produced with Selective's Responses to Plaintiffs' Requests for Production.**

**Subject to FRCP 33(d), Selective is relying on its production of all responsive, non-privileged portions of its claim file in response to this Interrogatory. All Selective personnel may be contacted through undersigned counsel only.**

3. State in detail each and every reason Selective denied or limited payment of plaintiffs' claim. Include all facts, circumstances, and policy provisions Selective relied on in making that determination.

**ANSWER: Information responsive to this Interrogatory, including the facts, circumstances, and policy provisions relied upon, is contained in the nonprivileged portions of the claim file maintained by Selective and in the insurance policy. A copy of the nonprivileged portions of the claim file is being produced with Selective's Responses to Plaintiffs' Requests for Production.**

**Subject to FRCP 33(d), Selective is relying on its production of all responsive, non-privileged portions of its claim file in response to this Interrogatory.**

4. State whether Selective conducted an investigation of plaintiffs' claim. If so, identify all individuals and entities involved, describe the nature and scope of the investigation, and provide the date(s) the investigation was conducted.

**ANSWER: Selective investigated Plaintiffs' claim. Information responsive to this Interrogatory, including the individuals and entities involved, the nature and scope of the investigation, and the dates on which the investigation was conducted, is contained in the nonprivileged portions of the claim file maintained by Selective. A copy of the nonprivileged portions of the claim file is being produced with Selective's Responses to Plaintiffs' Requests for Production.**

**Subject to FRCP 33(d), Selective is relying on its production of all responsive, non-privileged portions of its claim file in response to this Interrogatory.**

3

5. Describe in detail the methodology Selective used to determine the replacement cost or insurable value of the insured building for purposes of evaluating whether it was underinsured.

**ANSWER: Information responsive to this Interrogatory, including the methodology used to determine the replacement cost or insurable value of the insured building, is contained in the nonprivileged portions of the claim file maintained by Selective. A copy of the nonprivileged portions of the claim file is being produced with Selective's Responses to Plaintiffs' Requests for Production.**

**Subject to FRCP 33(d), Selective is relying on its production of all responsive, non-privileged portions of its claim file in response to this Interrogatory.**

6. Identify all persons who participated in or contributed to the determination that the building was underinsured. Include their name, title, role, and involvement.

**ANSWER: See Answer to Interrogatory No. 2.**

7. State the replacement cost value Selective determined for the insured building, and explain how this value was calculated, including identifying all data, software, or tools used.

**ANSWER: The information responsive to this Interrogatory, including the replacement cost value determined for the insured building and the data, software, and tools used in calculating that value, is contained in the nonprivileged portions of the claim file maintained by Selective. A copy of the nonprivileged portions of the claim file is being produced with Selective's Responses to Plaintiffs' Requests for Production.**

8. Identify and describe any communications Selective had with plaintiffs, plaintiffs' agent, or broker regarding the appropriate coverage limits or value of the building before issuance or renewal of the policy.

**ANSWER: The information responsive to this Interrogatory, including any communications regarding coverage limits or the value of the building before issuance or renewal of the policy, is contained in the nonprivileged portions of the underwriting file maintained by Selective. A copy of the nonprivileged portions of the underwriting file is being produced with Selective's Responses to Plaintiffs' Requests for Production.**

**Subject to FRCP 33(d), Selective is relying on its production of all responsive, non-privileged portions of its claim file in response to this Interrogatory.**

9. State whether Selective or its agents conducted any inspection or valuation of the insured building before the policy was issued or renewed. If so, state when the inspection or valuation occurred and identify the person(s) involved and describe the findings of the inspection or valuation.

**ANSWER: The information responsive to this Interrogatory, including whether any inspection or valuation occurred before the policy was issued or renewed, the persons involved, and the findings of any inspection or valuation, is contained in the nonprivileged portions of the underwriting file maintained by Selective. A copy of the nonprivileged portions of the underwriting file is being produced with Selective's Responses to Plaintiffs' Requests for Production.**

**Subject to FRCP 33(d), Selective is relying on its production of all responsive, non-privileged portions of its claim file in response to this Interrogatory.**

10. State whether Selective or its agents conducted any inspection or valuation of the insured building after the policy was issued or renewed. If so, state when the inspection or valuation occurred and identify the person(s) involved and describe the findings of the inspection or valuation.

**ANSWER: Selective inspected and evaluated the value of the insured building as part of its investigation into the claim that is the subject of this lawsuit. Additional information responsive to this Interrogatory, including whether any inspection or valuation occurred after the policy was issued or renewed, the persons involved, and the findings of any inspection or valuation, is contained in the nonprivileged portions of the claim file maintained by Selective. A copy of the nonprivileged portions of the claim file is being produced with Selective's Responses to Plaintiffs' Requests for Production.**

**Subject to FRCP 33(d), Selective is relying on its production of all responsive, non-privileged portions of its claim file in response to this Interrogatory.**

11. Identify any third-party vendor, estimator, software, or appraisal system used in determining the replacement cost or valuation of the insured property.

**ANSWER: The information responsive to this Interrogatory, including the identification of any third-party vendors, estimators, software, or appraisal systems used in determining the replacement cost or valuation of the insured property, is contained in the nonprivileged portions of the claim file maintained by Selective. A copy of the nonprivileged portions of the claim file is being produced with Selective's Responses to Plaintiffs' Requests for Production.**

5

**Subject to FRCP 33(d), Selective is relying on its production of all responsive, non-privileged portions of its claim file in response to this Interrogatory.**

12. State the amount of insurance coverage Selective recommended, quoted, or suggested to plaintiffs or plaintiffs' agent at the time the policy was issued or last renewed.

**ANSWER: Selective objects to this Interrogatory on the basis that it mischaracterizes the roles of the parties and facts. Selective is not obligated to recommend insurance coverage to Plaintiffs or their agents. Subject to this objection and without waiving it, the information responsive to this Interrogatory, including the amount of insurance coverage recommended, quoted, or suggested to plaintiffs or their agent, is contained in the nonprivileged portions of the underwriting file maintained by Selective. A copy of the nonprivileged portions of the underwriting file is being produced with Selective's Responses to Plaintiffs' Requests for Production.**

**Subject to FRCP 33(d), Selective is relying on its production of all responsive, non-privileged portions of its claim file in response to this Interrogatory.**

13. State whether plaintiffs' policy was subject to a co-insurance clause, and if so, explain how the clause was applied to plaintiffs' claim, including the formula or percentage used.

**ANSWER: Plaintiffs' policy has a coinsurance provision. The information responsive to this Interrogatory, including whether plaintiffs' policy was subject to a co-insurance clause and the manner in which any such clause was applied, is contained in the nonprivileged portions of the claim file maintained by Selective and in the insurance policy. A copy of the nonprivileged portions of the claim file is being produced with Selective's Responses to Plaintiffs' Requests for Production.**

**Subject to FRCP 33(d), Selective is relying on its production of all responsive, non-privileged portions of its claim file in response to this Interrogatory.**

14. State whether Selective has ever communicated any warning, disclosure, or notice to plaintiffs concerning the risk of underinsurance, and if so, identify when and how such notice was provided.

**ANSWER: Selective objects to this Interrogatory insofar as it implies that Selective has an obligation to "warn" Plaintiffs about the existence of unambiguous provisions of the insurance policy Plaintiffs purchased. Plaintiffs have an obligation to read their insurance policy.**

6

15. Identify all premium payments received from plaintiffs, including the date and amount of payment.

**ANSWER: Selective objects to this Interrogatory as unduly burdensome as Plaintiffs already have this information in their possession.**

16. Identify all payments made to plaintiffs for their claim, including the date and amount of payment.

**ANSWER: Selective states that the following payments were made to Plaintiffs in connection with their claim:**

- **01/13/2025** – $490,456.08 (Chicago Ornamental Iron Inc., Business Personal Property 1)
- **01/30/2025** – ($490,456.08) (Chicago Ornamental Iron Inc., Business Personal Property 1)
- **01/30/2025** – $490,456.08 (Chicago Ornamental Iron Inc., Business Personal Property 1)
- **09/09/2024** – $5,522.10 (Chicago Ornamental Iron Inc., Building)
- **09/02/2024** – $4,110.00 (Chicago Ornamental Iron Inc., Machinery/Mechanical Equip)
- **08/27/2024** – ($4,110.00) (Chicago Ornamental Iron Inc., Machinery/Mechanical Equip)
- **08/27/2024** – $4,110.00 (Chicago Ornamental Iron Inc., Machinery/Mechanical Equip)
- **08/19/2024** – ($4,110.00) (Chicago Ornamental Iron Inc., Machinery/Mechanical Equip)
- **08/19/2024** – $4,110.00 (Chicago Ornamental Iron Inc., Machinery/Mechanical Equip)
- **04/17/2024** – $23,544.20 (Chicago Ornamental Iron Inc., Business Personal Property 1)
- **04/15/2024** – $1,191,204.20 (Chicago Ornamental Iron Inc., Building)
- **04/12/2024** – ($23,544.20) (Chicago Ornamental Iron Inc., Business Personal Property 1)
- **04/12/2024** – $23,544.20 (Chicago Ornamental Iron Inc., Business Personal Property 1)
- **03/18/2024** – $100,000.00 (Chicago Ornamental Iron Inc., Manufacturers Property Extn)
- **03/18/2024** – $2,000,000.00 (Chicago Ornamental Iron Inc., Business Income Options)
- **03/06/2024** - $23,677.50 (4340 W 47th Holdings LLC, Manufacturers Property Ext)
- **03/06/2024** - $70,185.65 (Chicago Ornamental Iron Inc., Building)
- **01/05/2024** – ($23,677.50 (4340 W 47th Holdings LLC, Manufacturers Property Ext)
- **01/05/2024** - $23,677.50 (4340 W 47th Holdings LLC, Manufacturers Property Ext)
- **01/04/2024** – ($70,185.65) (4340 W 47th Holdings LLC, Building)
- **01/04/2024** – $70,185.65 (4340 W 47th Holdings LLC, Building)
- **11/17/2023** – $153,349.07 (4340 W 47th Holdings LLC, Building)
- **10/27/2023** – $1,500,000.00 (Chicago Ornamental Iron Inc., Business Personal Property 1)
- **10/26/2023** – $2,918,241.61 (Chicago Ornamental Iron Inc., Building)
- **10/11/2023** – $1,425.00 (Chicago Ornamental Iron Inc., Building)
- **10/07/2023** – ($1,425.00) (Chicago Ornamental Iron Inc., Building)
- **10/07/2023** – $1,425.00 (Chicago Ornamental Iron Inc., Building)
- **09/15/2023** – $47,827.11 (4340 W 47th Holdings LLC, Building)
- **09/15/2023** – $598,827.07 (4340 W 47th Holdings LLC, Building)

7

- **09/06/2023** – $1,000,000.00 (Chicago Ornamental Iron Inc. DBA COI, Business Personal Property 1)
- **09/06/2023** – $1,000,000.00 (Chicago Ornamental Iron Inc. DBA COI, Business Income Options)
- **07/21/2023** – $1,000,000.00 (Chicago Ornamental Iron Inc., Business Income Options)

17. Identify all oral communications between Selective and plaintiffs relating to plaintiffs' claim and state: (a) who participated in the conversation; (b) when the conversation occurred; (c) whether the conversation was in person, telephone, or other means; (d) where the conversation occurred; and (e) what was said by each of the participants.

**ANSWER: Selective objects to this Interrogatory as it is vague, overbroad, unduly burdensome. Subject to and without waiving these objections, Selective states that records pertaining to any oral communications between Selective and Plaintiffs are reflected in the nonprivileged portions of the claim file maintained by Selective. A copy of the nonprivileged portions of the claim file is being produced with Selective's Responses to Plaintiffs' Requests for Production.**

**Subject to FRCP 33(d), Selective is relying on its production of all responsive, non-privileged portions of its claim file in response to this Interrogatory.**

18. Describe in detail all oral communications between Selective and any third-party regarding plaintiffs' claim, including identifying: (a) who participated in the conversation; (b) when the conversation occurred; (c) whether the conversation was in person, telephone, or other means; (d) where the conversation occurred; and (e) what was said by each of the participants.

**ANSWER: Selective objects to this Interrogatory as it is overbroad, unduly burdensome, and seeks information that might be subject to the attorney-client and/or work product privilege. Subject to and without waiving these objections, Selective states that records pertaining to any oral communications between Selective and third parties are reflected in the nonprivileged portions of the claim file maintained by Selective. A copy of the nonprivileged portions of the claim file is being produced with Selective's Responses to Plaintiffs' Requests for Production.**

**Subject to FRCP 33(d), Selective is relying on its production of all responsive, non-privileged portions of its claim file in response to this Interrogatory.**

19. Identify all documents, photographs, videos, engineering reports, adjuster notes, or other records that Selective reviewed and/or relied on in approving, denying, reducing or otherwise limiting plaintiffs' claim.

**ANSWER: Selective objects to this Interrogatory as it is vague, overbroad, and seeks information that might be subject to the attorney-client and/or work product privilege. Subject to and without waiving these objections, the information responsive to this Interrogatory, including documents, photographs, videos, engineering reports, adjuster notes, and other records reviewed or relied on in connection with plaintiffs' claim, is contained in the nonprivileged portions of the claim file maintained by Selective. A copy of the nonprivileged portions of the claim file is being produced with Selective's Responses to Plaintiffs' Requests for Production.**

**Subject to FRCP 33(d), Selective is relying on its production of all responsive, non-privileged portions of its claim file in response to this Interrogatory.**

20. Identify the categories of documents maintained in Selective's claim file for plaintiffs' claim.

**ANSWER: Selective objects to this Interrogatory as vague. To the extent Plaintiff seeks information about documents in Selective's claim file, that information is contained in the nonprivileged portions of the claim file maintained by Selective. A copy of the nonprivileged portions of the claim file is being produced with Selective's Responses to Plaintiffs' Requests for Production.**

**Subject to FRCP 33(d), Selective is relying on its production of all responsive, non-privileged portions of its claim file in response to this Interrogatory.**

21. State whether Selective obtained any third-party opinions in connection with adjusting plaintiffs' claim. If so, identify each third-party, the date of the opinion, and summarize the substance of each opinion.

**ANSWER: Selective objects to this Interrogatory as seeking information potentially subject to the attorney-client and/or work product privileges. Subject to these objections and without waiving them, any non-privileged third-party opinion related to the adjustment of Plaintiffs' claim is contained in the nonprivileged portions of the claim file maintained by Selective. A copy of the nonprivileged portions of the claim file is being produced with Selective's Responses to Plaintiffs' Requests for Production.**

9

**Subject to FRCP 33(d), Selective is relying on its production of all responsive, non-privileged portions of its claim file in response to this Interrogatory.**

22. Identify all expert witnesses Selective will call to testify at trial along with: (i) the subject matter on which the witness will testify; (ii) the conclusions and opinions of the witness and the bases therefor; (iii) the qualifications of the witness; and (iv) any reports prepared by the witness about the case.

**ANSWER: Selective objects to this Interrogatory as premature. Selective will comply with the Federal Rules of Civil Procedure, applicable local rules, and any scheduling orders entered by the Court.**

23. State whether Selective has ever been sued for bad faith or wrongful denial of a claim in the last five years. For each such case, state the court, docket number, and outcome.

**ANSWER: Selective objects to this Interrogatory as irrelevant, unduly burdensome, and seeking information not relevant to any party's claim or defense, and not proportional to the needs of this case.**

24. State whether Selective has been the subject of any regulatory complaints related to its claims handling in the past five years. If yes, identify the regulatory body and the matter number, the number, the nature of the complaints, and the resolution.

**ANSWER: Selective objects to this Interrogatory as overly broad, unduly burdensome, seeking information not relevant to any party's claim or defense, and is not proportional to the needs of this case.**

25. Identify the reserve amount set for plaintiffs' claim and explain how that amount was calculated.

**ANSWER: Selective objects to this Interrogatory as seeking confidential and irrelevant information that is not relevant to any claim or defense in this action.**

Respectfully Submitted,

Selective Insurance Company of America

By: /s/ *Michael P. Baniak*

Michael P. Baniak

10

Zachary G. Stillman
LITCHFIELD, CAVO, LLP
303 West Madison, Suite 300
Chicago, IL 60606
(312) 781-6596 (Baniak)
(312) 781-6672 (Stillman)
Baniak@litchfieldcavo.com
Stillman@litchfieldcavo.com

## VERIFICATION

I, Ronald Rudow, Director of Property Large Loss Claims for Selective Insurance Company of America, declare under penalty of perjury that I have read the foregoing Answers to Interrogatories and that the answers are true and correct to the best of my knowledge, information and belief.

Dated: 8/29/2025

**Ronald Rudow**

11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 31, 2025, the foregoing Defendant Selective Insurance Company of America's Answers to Plaintiffs' Interrogatories were served via email to all parties of record.

/s/ Zachary G. Stillman
One of the Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHICAGO ORNAMENTAL IRON, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> SELECTIVE INSURANCE COMPANY OF AMERICA, a New Jersey Corporation, and ASSUREDPARTNERS OF ILLINOIS, LLC, an Illinois Limited Liability Company, <br><br> Defendants. | Case No: 1:25-cv-5131 <br> Honorable Mary M. Rowland |

**DEFENDANT SELECTIVE INSURANCE COMPANY OF AMERICA'S
RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendant, Selective Insurance Company of America ("Defendant" or "Selective"), by and through its attorneys, LITCHFIELD CAVO LLP, and for its Responses to Plaintiffs' Requests for Production of Documents, state as follows:

**GENERAL OBJECTIONS**

1. Selective objects to each discovery request that seeks information or documents protected from disclosure by the attorney-client privilege or attorney work-product doctrine.

2. Selective objects to each discovery request that seeks information that is of a confidential or proprietary nature.

3. Selective objects to any definition and/or instruction to the extent that it purports to impose any obligation greater than that delineated by the Federal Rules of Civil Procedure and any other applicable rules.

4. Selective objects to the discovery of documents or information regarding policy drafting history, development of forms and similar information, because such discovery is

inappropriate in the case of an unambiguous insurance contract such as the one at issue here.

5. Selective objects to any discovery request that calls for materials not within Selective's care, custody, or control.

6. Selective objects to any discovery request that is unlimited in time or not limited to the time relevant to this litigation on the grounds that it seeks information which is neither relevant to any issue in this litigation nor likely to lead to the discovery of admissible evidence and is therefore outside the scope of permissible discovery. Further objection is made to each such discovery request as being overly broad and unduly burdensome.

7. Selective objects to requests for the discovery of documents or information regarding other policyholders' policies, the underwriting of those policies, and any claims involving other policyholders, because such discovery is irrelevant, overbroad, seeks private and confidential information, including private and confidential information of and about other policyholders, and is unduly burdensome to locate and produce.

8. Selective objects to the discovery of documents or information regarding reinsurance, because such discovery is irrelevant, overbroad, seeks attorney-client privileged and work product protected information, seeks private and confidential information and is unduly burdensome to locate and produce.

9. Selective reserves the right to challenge the competency, relevancy, materiality, and/or admissibility at trial or in any subsequent proceeding of this or any other action of any response made to these discovery requests. These responses should not be construed as an admission by Selective as to the competency, relevancy, materiality, and/or admissibility of any fact, any document, or of the truth or accuracy of any characterization of any kind contained in these discovery responses.

10. Selective has not completed discovery in this case, and has not completed preparation for trial. Selective's responses are based upon information currently known and available to Selective. Selective reserves the right to amend and/or supplement these responses.

11. Selective reserves its right to raise additional objections should that become necessary or appropriate.

## REQUESTS FOR PRODUCTION

1. Produce the complete insurance policy issued to plaintiffs, including all endorsements, schedules, declarations, and any renewals in effect at the time of the loss.

**RESPONSE: Selective will produce the complete insurance policy.**

2. Produce the entire claim file for plaintiffs' claim, including notes, communications, internal memos, emails, video, photographs, recordings, logs, reports, and any related attachments.

**RESPONSE: Selective objects to this request to the extent it seeks information subject to the attorney-client privilege and/or attorney work product protection.**

**Subject to and without waiving the foregoing objections, Selective will produce the relevant, unprivileged, non-confidential portions of its claim file.**

3. Produce all statements of loss relating to plaintiffs' claim.

**RESPONSE: See Response to Request for Production No. 2.**

4. Produce all communications between Selective and plaintiffs, plaintiffs' broker, agent, and attorneys regarding plaintiffs' claim.

**RESPONSE: See Response to Request for Production No. 2.**

5. Produce all communications between Selective and any third-party regarding plaintiffs' claim.

**RESPONSE: See Response to Request for Production No. 2.**

6. Produce all communications exchanged internally by Selective regarding plaintiffs' claim.

3

**RESPONSE: See Response to Request for Production No. 2.**

7. Produce all documents Selective intends to introduce into evidence at trial (or any evidentiary hearing), to use for summary judgment purposes, or to use for cross-examination.

**RESPONSE: Selective objects to this Request as premature; discovery is ongoing, and materials are still being collected in the lawsuit. Defendant reserves the right to supplement this response in accordance with the applicable rules.**

8. Produce all documents evidencing plaintiffs' payment of premiums.

**RESPONSE: Selective objects to this request as it calls for the production of materials that should already be in Plaintiffs' possession.**

9. Produce all documents evidencing payments made by Selective to plaintiffs for plaintiffs' claim.

**RESPONSE: See Response to Request for Production No. 2.**

10. Produce all documents accompanying payments made by Selective to plaintiffs for plaintiffs' claim.

**RESPONSE: See Response to Request for Production No. 2.**

11. Produce all statements taken by Selective relating to plaintiffs' claim.

**RESPONSE: See Response to Request for Production No. 2.**

12. Produce all documents reflecting Selective's determination that the insured building was underinsured, including calculations, spreadsheets, formulas, or analysis performed.

**RESPONSE: Selective objects to this request to the extent that it calls for a legal conclusion. Subject to and without waiving this objection, see Response to Request for Production No. 2.**

13. Produce any valuation reports, software outputs or internal estimates of the building's replacement cost generated by Selective or third parties.

**RESPONSE: See Response to Request for Production No. 2.**

4

14. Produce all underwriting files related to plaintiffs' policy, including applications, inspections, internal notes, and internal recommendations or approvals.

**RESPONSE: Selective objects to this Request as irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence and on the basis that it seeks the disclosure of confidential, proprietary, commercially sensitive, and/or trade secret information about Selective's internal processes and procedures.**

**Subject to and without waiving the foregoing objections, Selective will produce the relevant, unprivileged, non-confidential portions of its underwriting file.**

15. Produce all internal guidelines, manuals, training materials, or bulletins relating to claims handling, including underinsurance determinations, co-insurance clauses, and how they are applied in claims.

**RESPONSE: Selective objects to this Request because it seeks information and documents that are irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.**

16. Produce any communications or documents related to the initial setting and/or adjustment of the reserve amount for plaintiffs' claim.

**RESPONSE: Selective objects to this Request because it seeks information and documents that are irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.**

17. Produce all contracts with any third-party (including consultants, appraisers, or engineers) concerning plaintiffs' claim, including valuation, repair, or replacement of the building or other covered property.

**RESPONSE: See Response to Request for Production No. 2.**

18. Produce all documents sent to or received from any third-party (including consultants, appraisers, or engineers) concerning plaintiffs' claim, including valuation, repair, or replacement of the building or other covered property.

5

**RESPONSE: Selective objects to this request as vague, ambiguous, and not seeking information that is reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, see Response to Request for Production No. 2.**

19. Produce all reinsurance agreements relating to plaintiffs' claim.

**RESPONSE: Selective objects to this request as irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, seeking attorney-client privileged and work product protected information, and seeking private and confidential information.**

20. Produce any internal audit reports, compliance reviews, or memoranda relating to Selective's handling of property claims within the last five years.

**RESPONSE: Selective objects to this request as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of this case, seeking information not relevant to any party's claim or defense, and seeking the disclosure of confidential, proprietary, commercially sensitive, and/or trade secret information about Selective's internal processes and procedures.**

21. Produce copies of any notices, warnings, or disclosures provided to plaintiffs advising of the risk or implications of underinsuring the property.

**RESPONSE: See Responses to Request for Production Nos. 2 and 14.**

22. Produce any regulatory complaints, consumer complaints, or legal actions involving Selective related to underinsurance disputes within the past five years.

**RESPONSE: Selective objects to this request as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of this case, seeking information not relevant to any party's claim or defense, and seeking the disclosure of confidential, proprietary, commercially sensitive, and/or trade secret information about Selective's internal processes and procedures.**

23. Produce all expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B).

**RESPONSE: See Response to Request for Production No. 7. Defendant reserves the right to supplement this response at a later date.**

            Respectfully Submitted,

            Selective Insurance Company of America

By: */s/ Michael P. Baniak*

Michael P. Baniak
Zachary G. Stillman
LITCHFIELD, CAVO, LLP
303 West Madison, Suite 300
Chicago, IL 60606
(312) 781-6596 (Baniak)
 (312) 781-6672 (Stillman)
Baniak@litchfieldcavo.com
Stillman@litchfieldcavo.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 31, 2025, the foregoing Defendant Selective Insurance Company of America's Responses to Plaintiffs' Requests for Production of Documents were served via email to all parties of record.

/s/ Zachary G. Stillman
One of the Attorneys for Defendant

7