# Exhibit C

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

CHICAGO ORNAMENTAL IRON, INC., et al.,

          Plaintiffs,

v.

SELECTIVE INSURANCE COMPANY OF
AMERICA, a New Jersey Corporation, and
ASSUREDPARTNERS OF ILLINOIS, LLC, an
Illinois Limited Liability Company,

          Defendants.

Case No: 1:25-cv-5131
Honorable Mary M. Rowland

**DEFENDANT SELECTIVE INSURANCE COMPANY OF AMERICA'S
SECOND SUPPLEMENTAL ANSWERS TO
PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Defendant, Selective Insurance Company of America ("Selective"), by and through its

attorneys, LITCHFIELD CAVO LLP, and for its Second Supplemental Answers to Plaintiffs'

Interrogatories, state as follows:

**GENERAL OBJECTIONS**

1.      Selective objects to each interrogatory that seeks information protected from

disclosure by the attorney-client privilege or attorney work-product doctrine.

2.      Selective objects to each interrogatory that seeks information that is of a

confidential or proprietary nature.

3.      Selective objects to any definition and/or instruction to the extent that it purports to

impose any obligation greater than that delineated by the Federal Rules of Civil Procedure and any

other applicable rules.

4.      Selective objects to any interrogatory that is unlimited in time or not limited to the

time relevant to this litigation on the grounds that it seeks information which is neither relevant to

any issue in this litigation nor likely to lead to the discovery of admissible evidence and is therefore outside the scope of permissible discovery. Further objection is made to each such interrogatory as being overly broad and unduly burdensome.

5.      Selective objects to the discovery information regarding reinsurance, because such discovery is irrelevant, overbroad, potentially seeks attorney-client privileged and work product protected information, and seeks private and confidential information.

6.      Selective reserves the right to challenge the competency, relevancy, materiality, and/or admissibility at trial or in any subsequent proceeding of this or any other action of any response made to these interrogatories. These responses should not be construed as an admission by Selective as to the competency, relevancy, materiality, and/or admissibility of any fact, any information, or of the truth or accuracy of any characterization of any kind contained in these discovery responses.

7.      Selective has not completed discovery in this case, and has not completed preparation for trial. Selective's responses are based upon information currently known and available to Selective. Selective reserves the right to amend and/or supplement these responses.

8.      Selective reserves its right to raise additional objections should that become necessary or appropriate.

## INTERROGATORIES

1.  Identify all persons providing information used to answer these interrogatories and the interrogatory for which that person's information is being used.

**ANSWER: These are the corporate answers of Defendant Selective Insurance Company of America, verified by Ronald Rudow, Director of Property Large Loss Claims.**

2

2. Identify all persons involved in the decision to approve, deny, reduce, or otherwise limit payment of plaintiffs' claim, including their names, job titles, and role in the decision-making process.

**ANSWER: Information responsive to this Interrogatory, including identities of the individuals involved in the decision-making process, their job titles, and their roles, is contained in the nonprivileged portions of the claim file maintained by Selective. A copy of the nonprivileged portions of the claim file is being produced with Selective's Responses to Plaintiffs' Requests for Production.**

**Subject to FRCP 33(d), Selective is relying on its production of all responsive, non-privileged portions of its claim file in response to this Interrogatory. All Selective personnel may be contacted through undersigned counsel only.**

**SUPPLEMENTAL ANSWER: Pursuant to FRCP 33(d), Selective supplements the above answer as follows:**

**Responsive information may be found in the following previously produced documents: 22504865 Claim File Log Notes.pdf (Bates 0000073 - 000132); Claim File Correspondence (Bates 000697 - 001420); Claim File Correspondence Attachments.pdf (Bates 000597 - 000696).**

**SECOND SUPPLEMENTAL ANSWER: As reflected in the documents identified in Selective's Supplemental Answer to this Interrogatory:**

- **Ronald Rudow, Director of Large Property Loss Claims**
- **Carl Walton, Director of Large Property Loss Claims**

3. State in detail each and every reason Selective denied or limited payment of plaintiffs' claim. Include all facts, circumstances, and policy provisions Selective relied on in making that determination.

**ANSWER: Information responsive to this Interrogatory, including the facts, circumstances, and policy provisions relied upon, is contained in the nonprivileged portions of the claim file maintained by Selective and in the insurance policy. A copy of the nonprivileged portions of the claim file is being produced with Selective's Responses to Plaintiffs' Requests for Production.**

**Subject to FRCP 33(d), Selective is relying on its production of all responsive, non-privileged portions of its claim file in response to this Interrogatory.**

**SUPPLEMENTAL ANSWER:** Pursuant to FRCP 33(d), Selective supplements the above answer as follows:

Responsive information may be found in the following previously produced documents: 22504865 Claim File Log Notes.pdf (Bates 0000073 - 000132); Claim File Correspondence (Bates 000697 - 001420); Claim File Correspondence Attachments.pdf (Bates 000597 - 000696).

**SECOND SUPPLEMENTAL ANSWER:** Selective and COI exchanged numerous communications in which Selective explained its coverage position to COI. Pursuant to FRCP 33(d), Selective further supplements its answer by referring COI to its positions taken in the following specific documents. Selective further states that its coverage position was articulated over the course of the handling of the claim and by referring to these specific documents Selective does not intend to waive any right to refer to other documents referred to in its previous Responses to this Interrogatory.

- **SELECTIVE000605-611**
- **SELECTIVE000717-724**
- **SELECTIVE000729-732**
- **SELECTIVE000735-738**
- **SELECTIVE000743-752**
- **SELECTIVE000838-840**
- **SELECTIVE000866-870**
- **SELECTIVE000877-884**
- **SELECTIVE000921-930**
- **SELECTIVE000958-977**
- **SELECTIVE000987-994**
- **SELECTIVE001020-1028**
- **SELECTIVE001124-1128**
- **SELECTIVE001303-1321**
- **SELECTIVE Supplemental Production**
- **COI002472**

4. State whether Selective conducted an investigation of plaintiffs' claim. If so, identify all individuals and entities involved, describe the nature and scope of the investigation, and provide the date(s) the investigation was conducted.

**ANSWER: Selective investigated Plaintiffs' claim. Information responsive to this Interrogatory, including the individuals and entities involved, the nature and scope of the investigation, and the dates on which the investigation was conducted, is contained in the nonprivileged portions of the claim file maintained by Selective. A copy of the nonprivileged portions of the claim file is being produced with Selective's Responses to Plaintiffs' Requests for Production.**

4

**Subject to FRCP 33(d), Selective is relying on its production of all responsive, non-privileged portions of its claim file in response to this Interrogatory.**

**SUPPLEMENTAL ANSWER: Pursuant to FRCP 33(d), Selective supplements the above answer as follows:**

**Responsive information may be found in the following previously produced documents: 22504865 Claim File Log Notes.pdf (Bates 0000073 - 000132); Claim File Correspondence (Bates 000697 - 001420); Claim File Correspondence Attachments.pdf (Bates 000597 - 000696); Underwriting File.pdf (Bates 010339 – 010872); 1.31.25 COI Documentation.pdf (Bates 000001 – 000072); Financial Corr 01_04_2024 16_54_51.xlsx; Financial Corr 01_05_2024 14_40_38.xlsx; Financial Corr 04_12_2024 12_38_23.xlsx; Financial Corr 09_09_2024 14_46_24.xlsx; Financial Corr 09_15_2023 11_53_43.xlsx; COI (Roof Collapse) Business Interruption _2023 09 06.xlsx; COI (Roof Collapse) Sub #1 Claim Schedule_2023 09 06.xlsx; COI (Roof Collapse) GL Invoices_2024 02 15.xlsx; COI (Roof Collapse) Sub #2 Claim Schedule_2024 02 15.xlsx; Invoices.pdf (Bates 002733 - 004114); Chicago Ornamental Iron - Welders List from Envista w.comments.xlsx; IT Inventory.xlsx; Estimates.pdf (Bates 001823 - 002729); AirGas Purchase Order #20236315.pdf (Bates 002730 - 002732); Chicago Ornamental Iron - Equipment List from Envista.xlsx; Chicago Ornamental Iron Inventory C-23079476 _MK.xlsx; Chicago Ornamental Iron Raw Steel Inventory C-23079476 _JS.xlsx; COI Revised 1-15-24 No Inventory.xlsx; Inventory Working Copy 1-15-24.xlsx; Office Inventory Sheet for Claim.xlsx; 20241125 RFP_COIRemdial Plumbing Improvements.pdf (Bates 006613 - 006619); COI Plumbing Proposal- 11.25.2024.pdf (Bates 006620 - 006621); Backup to List of BPP Purchased.pdf (Bates 000144 - 000596); COI Amex Back Up Documentation.pdf (Bates 001421 - 001712); Emergency Services Documentation.pdf (Bates 001732 - 001822); Payroll Reports.pdf (Bates 004485 - 004609); as well as all included time element documentation.**

5. Describe in detail the methodology Selective used to determine the replacement cost or

insurable value of the insured building for purposes of evaluating whether it was underinsured.

**ANSWER: Information responsive to this Interrogatory, including the methodology used to determine the replacement cost or insurable value of the insured building, is contained in the nonprivileged portions of the claim file maintained by Selective. A copy of the nonprivileged portions of the claim file is being produced with Selective's Responses to Plaintiffs' Requests for Production.**

**Subject to FRCP 33(d), Selective is relying on its production of all responsive, non-privileged portions of its claim file in response to this Interrogatory.**

**SUPPLEMENTAL ANSWER: Pursuant to FRCP 33(d), Selective supplements the above answer as follows:**

Responsive information may be found in the following previously produced documents: 22504865 Claim File Log Notes.pdf (Bates 0000073 - 000132); Claim File Correspondence (Bates 000697 - 001420); Claim File Correspondence Attachments.pdf (Bates 000597 - 000696); 1.31.25 COI Documentation.pdf (Bates 000001 – 000072); Financial Corr 01_04_2024 16_54_51.xlsx; Financial Corr 01_05_2024 14_40_38.xlsx; Financial Corr 04_12_2024 12_38_23.xlsx; Financial Corr 09_09_2024 14_46_24.xlsx; Financial Corr 09_15_2023 11_53_43.xlsx; COI (Roof Collapse) Business Interruption _2023 09 06.xlsx; COI (Roof Collapse) Sub #1 Claim Schedule_2023 09 06.xlsx; COI (Roof Collapse) GL Invoices_2024 02 15.xlsx; COI (Roof Collapse) Sub #2 Claim Schedule_2024 02 15.xlsx; Invoices.pdf (Bates 002733 - 004114); Chicago Ornamental Iron - Welders List from Envista w.comments.xlsx; IT Inventory.xlsx; Estimates.pdf (Bates 001823 - 002729); AirGas Purchase Order #20236315.pdf (Bates 002730 - 002732); Chicago Ornamental Iron - Equipment List from Envista.xlsx; Chicago Ornamental Iron Inventory C-23079476 _MK.xlsx; Chicago Ornamental Iron Raw Steel Inventory C-23079476 _JS.xlsx; COI Revised 1-15-24 No Inventory.xlsx; Inventory Working Copy 1-15-24.xlsx; Office Inventory Sheet for Claim.xlsx; 20241125 RFP_COIRemdial Plumbing Improvements.pdf (Bates 006613 - 006619); COI Plumbing Proposal- 11.25.2024.pdf (Bates 006620 - 006621); Backup to List of BPP Purchased.pdf (Bates 000144 - 000596); COI Amex Back Up Documentation.pdf (Bates 001421 - 001712); Emergency Services Documentation.pdf (Bates 001732 - 001822); Payroll Reports.pdf (Bates 004485 - 004609); as well as all included time element documentation.

SECOND SUPPLEMENTAL ANSWER: The documents referred to in Selective's Supplemental Answer provide the substantive information on which Selective relied in order to calculate the value of the property for coinsurance and other valuation purposes. Additionally, Selective issued an ACV payment on April 15, 2024, along with a cover letter that noted that coinsurance may be an issue with regard to the property based on the following:

*"Our initial evaluations did not indicate there was a coinsurance concern. However, as we have obtained additional estimates and further evaluated the repair costs, it appears that there might be a coinsurance issue. Based on the building value of $9,244,293, COI will begin to incur a coinsurance penalty when the value of the Building exceeds $10,271,437. The Stephen Rankin Associates architectural proposal, dated July 19, 2023, identifies a reconstruction area of approximately 22,800 square feet. Selective believes the total square footage of the Building is approximately 62,115 square feet. Based on Selective's estimate outlined above, the estimated cost to replace the Building is $12,129,261. Therefore, it appears that the Building is underinsured.1 This could impact the possibility for any further payments in relation to the Building portion of this loss including the Recoverable Depreciation. Selective is continuing to evaluate this issue. In the interim, Selective reserves all rights concerning the coinsurance condition. Selective also continues to reserve all rights and defenses under the Policy and applicable law."*

The $12,129,261 figure was calculated as follows:

        o **$4,452,180 Approved Manufacturing area damages divided by 22,800 SF (Area Affected) = $195.27/SF**

       o   **$195.27/SF x 66,215 SF = $12,129,261**

**Subsequently, Selective compared estimates received from COI and its vendors in order to compare those estimates to the original ISO 360 ITV value of the property of $10,161,304 which resulted in the building being undervalued by over $4.5 million. That estimate is likely a lower figure than the actual undervaluation because repair estimates were not provided for every part of the building.**

6. Identify all persons who participated in or contributed to the determination that the building

was underinsured. Include their name, title, role, and involvement.

**ANSWER: See Answer to Interrogatory No. 2.**

**SUPPLEMENTAL ANSWER: Pursuant to FRCP 33(d), Selective supplements the above answer as follows:**

**Responsive information may be found in the following previously produced documents: Underwriting File.pdf (Bates 010339 – 010872); 22504865 Claim File Log Notes.pdf (Bates 0000073 - 000132); Claim File Correspondence (Bates 000697 - 001420); Claim File Correspondence Attachments.pdf (Bates 000597 - 000696).**

**SECOND SUPPLEMENTAL ANSWER: As reflected in the documents identified in Selective's Supplemental Answer to this Interrogatory:**

- **Ronald Rudow, Director of Large Property Loss Claims**
- **Carl Walton, Director of Large Property Loss Claims**

7. State the replacement cost value Selective determined for the insured building, and explain

how this value was calculated, including identifying all data, software, or tools used.

**ANSWER: The information responsive to this Interrogatory, including the replacement cost value determined for the insured building and the data, software, and tools used in calculating that value, is contained in the nonprivileged portions of the claim file maintained by Selective. A copy of the nonprivileged portions of the claim file is being produced with Selective's Responses to Plaintiffs' Requests for Production.**

**SUPPLEMENTAL ANSWER: Pursuant to FRCP 33(d), Selective supplements the above answer as follows:**

**Responsive information may be found in the following previously produced documents: 22504865 Claim File Log Notes.pdf (Bates 0000073 - 000132); Claim File Correspondence (Bates 000697 - 001420); Claim File Correspondence Attachments.pdf (Bates 000597 - 000696); 1.31.25 COI Documentation.pdf (Bates 000001 – 000072); Financial Corr 01_04_2024 16_54_51.xlsx; Financial Corr 01_05_2024 14_40_38.xlsx; Financial Corr**

04_12_2024 12_38_23.xlsx; Financial Corr 09_09_2024 14_46_24.xlsx; Financial Corr 09_15_2023 11_53_43.xlsx; COI (Roof Collapse) Business Interruption _2023 09 06.xlsx; COI (Roof Collaspe) Sub #1 Claim Schedule_2023 09 06.xlsx; COI (Roof Collapse) GL Invoices_2024 02 15.xlsx; COI (Roof Collapse) Sub #2 Claim Schedule_2024 02 15.xlsx; Invoices.pdf (Bates 002733 - 004114); Chicago Ornamental Iron - Welders List from Envista w.comments.xlsx; IT Inventory.xlsx; Estimates.pdf (Bates 001823 - 002729); AirGas Purchase Order #20236315.pdf (Bates 002730 - 002732); Chicago Ornamental Iron - Equipment List from Envista.xlsx; Chicago Ornamental Iron Inventory C-23079476 _MK.xlsx; Chicago Ornamental Iron Raw Steel Inventory C-23079476 _JS.xlsx; COI Revised 1-15-24 No Inventory.xlsx; Inventory Working Copy 1-15-24.xlsx; Office Inventory Sheet for Claim.xlsx; 20241125 RFP_COIRemdial Plumbing Improvements.pdf (Bates 006613 - 006619); COI Plumbing Proposal- 11.25.2024.pdf (Bates 006620 - 006621); Backup to List of BPP Purchased.pdf (Bates 000144 - 000596); COI Amex Back Up Documentation.pdf (Bates 001421 - 001712); Emergency Services Documentation.pdf (Bates 001732 - 001822); Payroll Reports.pdf (Bates 004485 - 004609); as well as all included time element documentation.

8. Identify and describe any communications Selective had with plaintiffs, plaintiffs' agent, or broker regarding the appropriate coverage limits or value of the building before issuance or renewal of the policy.

**ANSWER: The information responsive to this Interrogatory, including any communications regarding coverage limits or the value of the building before issuance or renewal of the policy, is contained in the nonprivileged portions of the underwriting file maintained by Selective. A copy of the nonprivileged portions of the underwriting file is being produced with Selective's Responses to Plaintiffs' Requests for Production.**

**Subject to FRCP 33(d), Selective is relying on its production of all responsive, non-privileged portions of its claim file in response to this Interrogatory.**

**SUPPLEMENTAL ANSWER: Pursuant to FRCP 33(d), Selective supplements the above answer as follows:**

**Responsive information may be found in the following previously produced documents: Underwriting File.pdf (Bates 010339 – 010872); 22504865 Claim File Log Notes.pdf (Bates 0000073 - 000132); Claim File Correspondence (Bates 000697 - 001420); Claim File Correspondence Attachments.pdf (Bates 000597 - 000696).**

**SECOND SUPPLEMENTAL ANSWER: Selective identified the materials in its underwriting file in its Supplemental Answer. More specifically, Selective identifies the following documents:**

- **SELECTIVE010408–409**
- **SELECTIVE010584-592**

- **SELECTIVE010685-691**
- **SELECTIVE010710-721**
- **SELECTIVE010757-765**
- **SELECTIVE010769-774**
- **SELECTIVE010779-780**

9. State whether Selective or its agents conducted any inspection or valuation of the insured building before the policy was issued or renewed. If so, state when the inspection or valuation occurred and identify the person(s) involved and describe the findings of the inspection or valuation.

**ANSWER: The information responsive to this Interrogatory, including whether any inspection or valuation occurred before the policy was issued or renewed, the persons involved, and the findings of any inspection or valuation, is contained in the nonprivileged portions of the underwriting file maintained by Selective. A copy of the nonprivileged portions of the underwriting file is being produced with Selective's Responses to Plaintiffs' Requests for Production.**

**Subject to FRCP 33(d), Selective is relying on its production of all responsive, non-privileged portions of its claim file in response to this Interrogatory.**

**SUPPLEMENTAL ANSWER: Pursuant to FRCP 33(d), Selective supplements the above answer as follows:**

**Responsive information may be found in the following previously produced documents: 22504865 Claim File Log Notes.pdf (Bates 0000073 - 000132); Claim File Correspondence (Bates 000697 - 001420); Claim File Correspondence Attachments.pdf (Bates 000597 - 000696); Underwriting File.pdf (Bates 010339 – 010872); 1.31.25 COI Documentation.pdf (Bates 000001 – 000072); Financial Corr 01_04_2024 16_54_51.xlsx; Financial Corr 01_05_2024 14_40_38.xlsx; Financial Corr 04_12_2024 12_38_23.xlsx; Financial Corr 09_09_2024 14_46_24.xlsx; Financial Corr 09_15_2023 11_53_43.xlsx; COI (Roof Collapse) Business Interruption _2023 09 06.xlsx; COI (Roof Collapse) Sub #1 Claim Schedule_2023 09 06.xlsx; COI (Roof Collapse) GL Invoices_2024 02 15.xlsx; COI (Roof Collapse) Sub #2 Claim Schedule_2024 02 15.xlsx; Invoices.pdf (Bates 002733 - 004114); Chicago Ornamental Iron - Welders List from Envista w.comments.xlsx; IT Inventory.xlsx; Estimates.pdf (Bates 001823 - 002729); AirGas Purchase Order #20236315.pdf (Bates 002730 - 002732); Chicago Ornamental Iron - Equipment List from Envista.xlsx; Chicago Ornamental Iron Inventory C-23079476 _MK.xlsx; Chicago Ornamental Iron Raw Steel Inventory C-23079476 _JS.xlsx; COI Revised 1-15-24 No Inventory.xlsx; Inventory Working Copy 1-15-24.xlsx; Office Inventory Sheet for Claim.xlsx; 20241125 RFP_COIRemdial Plumbing Improvements.pdf (Bates 006613 - 006619); COI Plumbing Proposal- 11.25.2024.pdf (Bates 006620 - 006621); Backup to List of BPP Purchased.pdf (Bates 000144 - 000596); COI Amex Back Up Documentation.pdf (Bates 001421 - 001712); Emergency Services Documentation.pdf (Bates**

001732 - 001822); Payroll Reports.pdf (Bates 004485 - 004609); as well as all included time element documentation.

**SECOND SUPPLEMENTAL ANSWER: Selective inspected the property as part of the evaluation of the claimed loss, and the results of those inspections are reflected in the documents referred to in the Supplemental Answer above. Selective did not physically inspect the property prior to the policy at issue being issued. Selective did evaluate the value of the property as reflected in the documents referenced in Second Supplemental Response to Interrogatory #8.**

10. State whether Selective or its agents conducted any inspection or valuation of the insured building after the policy was issued or renewed. If so, state when the inspection or valuation occurred and identify the person(s) involved and describe the findings of the inspection or valuation.

**ANSWER: Selective inspected and evaluated the value of the insured building as part of its investigation into the claim that is the subject of this lawsuit. Additional information responsive to this Interrogatory, including whether any inspection or valuation occurred after the policy was issued or renewed, the persons involved, and the findings of any inspection or valuation, is contained in the nonprivileged portions of the claim file maintained by Selective. A copy of the nonprivileged portions of the claim file is being produced with Selective's Responses to Plaintiffs' Requests for Production.**

**Subject to FRCP 33(d), Selective is relying on its production of all responsive, non-privileged portions of its claim file in response to this Interrogatory.**

**SUPPLEMENTAL ANSWER: Pursuant to FRCP 33(d), Selective supplements the above answer as follows:**

**Responsive information may be found in the following previously produced documents: 22504865 Claim File Log Notes.pdf (Bates 0000073 - 000132); Claim File Correspondence (Bates 000697 - 001420); Claim File Correspondence Attachments.pdf (Bates 000597 - 000696); 1.31.25 COI Documentation.pdf (Bates 000001 – 000072); Financial Corr 01_04_2024 16_54_51.xlsx; Financial Corr 01_05_2024 14_40_38.xlsx; Financial Corr 04_12_2024 12_38_23.xlsx; Financial Corr 09_09_2024 14_46_24.xlsx; Financial Corr 09_15_2023 11_53_43.xlsx; COI (Roof Collapse) Business Interruption _2023 09 06.xlsx; COI (Roof Collaspe) Sub #1 Claim Schedule_2023 09 06.xlsx; COI (Roof Collapse) GL Invoices_2024 02 15.xlsx; COI (Roof Collapse) Sub #2 Claim Schedule_2024 02 15.xlsx; Invoices.pdf (Bates 002733 - 004114); Chicago Ornamental Iron - Welders List from Envista w.comments.xlsx; IT Inventory.xlsx; Estimates.pdf (Bates 001823 - 002729); AirGas Purchase Order #20236315.pdf (Bates 002730 - 002732); Chicago Ornamental Iron - Equipment List from Envista.xlsx; Chicago Ornamental Iron Inventory C-23079476 _MK.xlsx; Chicago Ornamental Iron Raw Steel Inventory C-23079476 _JS.xlsx; COI**

Revised 1-15-24 No Inventory.xlsx; Inventory Working Copy 1-15-24.xlsx; Office Inventory Sheet for Claim.xlsx; 20241125 RFP_COIRemdial Plumbing Improvements.pdf (Bates 006613 - 006619); COI Plumbing Proposal- 11.25.2024.pdf (Bates 006620 - 006621); Backup to List of BPP Purchased.pdf (Bates 000144 - 000596); COI Amex Back Up Documentation.pdf (Bates 001421 - 001712); Emergency Services Documentation.pdf (Bates 001732 - 001822); Payroll Reports.pdf (Bates 004485 - 004609); as well as all included time element documentation.

**SECOND SUPPLEMENTAL ANSWER:** Selective inspected the property as part of the evaluation of the claimed loss, including on July 6, 2023 (SELECTIVE000597 et seq.) and the results of those inspections are reflected in the documents referred to in the Supplemental Answer above. Selective claims professional Ron Rudow inspected the building, as well as representatives from Envista, JDH, and RDF. Their reports have been produced as described in the Supplemental Answer to this Interrogatory.

Additionally, Selective evaluated the building value as part of the claim handling process, including, without limitation, the underinsurance analysis described in Second Supplemental Answer to Interrogatory #5.

11. Identify any third-party vendor, estimator, software, or appraisal system used in determining the replacement cost or valuation of the insured property.

**ANSWER:** The information responsive to this Interrogatory, including the identification of any third-party vendors, estimators, software, or appraisal systems used in determining the replacement cost or valuation of the insured property, is contained in the nonprivileged portions of the claim file maintained by Selective. A copy of the nonprivileged portions of the claim file is being produced with Selective's Responses to Plaintiffs' Requests for Production.

Subject to FRCP 33(d), Selective is relying on its production of all responsive, non-privileged portions of its claim file in response to this Interrogatory.

**SUPPLEMENTAL ANSWER:** Pursuant to FRCP 33(d), Selective supplements the above answer as follows:

Responsive information may be found in the following previously produced documents: 22504865 Claim File Log Notes.pdf (Bates 0000073 - 000132); Claim File Correspondence (Bates 000697 - 001420); Claim File Correspondence Attachments.pdf (Bates 000597 - 000696); 1.31.25 COI Documentation.pdf (Bates 000001 – 000072); Financial Corr 01_04_2024 16_54_51.xlsx; Financial Corr 01_05_2024 14_40_38.xlsx; Financial Corr 04_12_2024 12_38_23.xlsx; Financial Corr 09_09_2024 14_46_24.xlsx; Financial Corr 09_15_2023 11_53_43.xlsx; COI (Roof Collapse) Business Interruption _2023 09 06.xlsx; COI (Roof Collaspe) Sub #1 Claim Schedule_2023 09 06.xlsx; COI (Roof Collapse) GL Invoices_2024 02 15.xlsx; COI (Roof Collapse) Sub #2 Claim Schedule_2024 02 15.xlsx; Invoices.pdf (Bates 002733 - 004114); Chicago Ornamental Iron - Welders List from Envista w.comments.xlsx; IT Inventory.xlsx; Estimates.pdf (Bates 001823 - 002729); AirGas

Purchase Order #20236315.pdf (Bates 002730 - 002732); Chicago Ornamental Iron - Equipment List from Envista.xlsx; Chicago Ornamental Iron Inventory C-23079476 _MK.xlsx; Chicago Ornamental Iron Raw Steel Inventory C-23079476 _JS.xlsx; COI Revised 1-15-24 No Inventory.xlsx; Inventory Working Copy 1-15-24.xlsx; Office Inventory Sheet for Claim.xlsx; 20241125 RFP_COIRemdial Plumbing Improvements.pdf (Bates 006613 - 006619); COI Plumbing Proposal- 11.25.2024.pdf (Bates 006620 - 006621); Backup to List of BPP Purchased.pdf (Bates 000144 - 000596); COI Amex Back Up Documentation.pdf (Bates 001421 - 001712); Emergency Services Documentation.pdf (Bates 001732 - 001822); Payroll Reports.pdf (Bates 004485 - 004609); as well as all included time element documentation.

**SECOND SUPPLEMENTAL ANSWER:** Selective used Xactimate to estimate the amount of claimed damages as disclosed in the produced reports referred to in the Supplemental Answer above.

12. State the amount of insurance coverage Selective recommended, quoted, or suggested to plaintiffs or plaintiffs' agent at the time the policy was issued or last renewed.

**ANSWER:** Selective objects to this Interrogatory on the basis that it mischaracterizes the roles of the parties and facts. Selective is not obligated to recommend insurance coverage to Plaintiffs or their agents. Subject to this objection and without waiving it, the information responsive to this Interrogatory, including the amount of insurance coverage recommended, quoted, or suggested to plaintiffs or their agent, is contained in the nonprivileged portions of the underwriting file maintained by Selective. A copy of the nonprivileged portions of the underwriting file is being produced with Selective's Responses to Plaintiffs' Requests for Production.

Subject to FRCP 33(d), Selective is relying on its production of all responsive, non-privileged portions of its claim file in response to this Interrogatory.

**SUPPLEMENTAL ANSWER:** Pursuant to FRCP 33(d), Selective supplements the above answer as follows:

Subject to and without waiving the foregoing objection, responsive information may be found in the following previously produced documents: 22504865 Claim File Log Notes.pdf (Bates 0000073 - 000132); Claim File Correspondence (Bates 000697 - 001420); Claim File Correspondence Attachments.pdf (Bates 000597 - 000696); Underwriting File.pdf (Bates 010339 – 010872); Policy.pdf (Bates 004890 – 006612).

**SECOND SUPPLEMENTAL ANSWER:** As stated in Selective's Answer to this Interrogatory, Selective objects to this Interrogatory and reiterates that it does not recommend or suggest the amount of insurance coverage that an insured should get. Without waiver of this objection, Selective identifies quotes premium amounts for the requested coverage from the insured or its insurance agent/broker (see SELECTIVE010760).

13. State whether plaintiffs' policy was subject to a co-insurance clause, and if so, explain how the clause was applied to plaintiffs' claim, including the formula or percentage used.

**ANSWER: Plaintiffs' policy has a coinsurance provision. The information responsive to this Interrogatory, including whether plaintiffs' policy was subject to a co-insurance clause and the manner in which any such clause was applied, is contained in the nonprivileged portions of the claim file maintained by Selective and in the insurance policy. A copy of the nonprivileged portions of the claim file is being produced with Selective's Responses to Plaintiffs' Requests for Production.**

**Subject to FRCP 33(d), Selective is relying on its production of all responsive, non-privileged portions of its claim file in response to this Interrogatory.**

**SUPPLEMENTAL ANSWER: Pursuant to FRCP 33(d), Selective supplements the above answer as follows:**

**Responsive information may be found in the following previously produced documents: 22504865 Claim File Log Notes.pdf (Bates 0000073 - 000132); Claim File Correspondence (Bates 000697 - 001420); Claim File Correspondence Attachments.pdf (Bates 000597 - 000696); Underwriting File.pdf (Bates 010339 – 010872); Policy.pdf (Bates 004890 – 006612).**

**SECOND SUPPLEMENTAL ANSWER: Based on the estimates that Selective received from COI, it ran multiple calculations regarding the potential impact of the coinsurance provision, which were disclosed to COI in Selective's August 19, 2024 letter to COI:**

**Scenario #1:**
**RCV remains at $4,452,179.83 including the windows approved now and no additional RCV change/supplementation (we outlined several items of pending differences in the April 15, 2024 letter)**
**Step 1: $12,129,261 times 90% (Coinsurance requirement per Dec page) = $10,916,335**
**Step 2: $9,244,293 (Policy Limit of Insurance) divided by $10,916,335 = .8468**
**Step 3: $4,452,179.83 times .8468 = $3,770,106 (maximum payable RCV)**
**This would result in a $682,074 penalty**

**It should be noted that Selective issued a supplemental Actual Cash Value payment in April 2024 without the application of a Coinsurance penalty**

**Scenario #2:**
**RCV changes to $4,846,472 – derived from removing $201,600 from the approved estimate and adding in $595,892 for the French Steel proposal plus O&P.**
**To be consistent with the April 15, 2024 letter to COI, the per-SF price was derived from the approved Replacement Cost Value. Therefore, the calculated building value is:**
**c) $4,846,472 divided by 22,800SF = $212.56/SF**
**e) $212.56/SF times 62,115SF = $13,203,164**
**Step 1: $13,203,164 times 90% (Coinsurance requirement per Dec page) = $11,882,848**

Step 2: $9,244,293 (Policy Limit of Insurance) divided by $11,882,848 = .7779
Step 3: $4,846,472 times .7779 = $3,770,070 (maximum payable RCV)
This would result in a $1,076,402 penalty

Scenario #3:
RCV changes to $5,398,679 – derived from removing $201,600 from the approved estimate
and adding in the COI proposal from MTH Industries plus O&P which totaled $1,148,100.
To be consistent with the April 15, 2024 letter to COI, the per SF price was derived from the
approved Replacement Cost Value. Therefore, the calculated building value is:
c) $5,398,679 divided by 22,800SF = $236.78/SF
e) $236.78/SF times 62,115SF = $14,707,589
Step 1: $14,707,589 times 90% (Coinsurance requirement per Dec page) = $13,236,830
Step 2: $9,244,293 (Policy Limit of Insurance) divided by $13,236,830 = .6984
Step 3: $5,398,679 times .6984 = $3,770,437 (Maximum payable RCV)
This would result in a $1,628,242 penalty

14. State whether Selective has ever communicated any warning, disclosure, or notice to

plaintiffs concerning the risk of underinsurance, and if so, identify when and how such notice was

provided.

**ANSWER: Selective objects to this Interrogatory insofar as it implies that Selective has an
obligation to "warn" Plaintiffs about the existence of unambiguous provisions of the
insurance policy Plaintiffs purchased. Plaintiffs have an obligation to read their insurance
policy.**

**SUPPLEMENTAL ANSWER: Pursuant to FRCP 33(d), Selective supplements the above
answer as follows:**

**Subject to and without waiving the foregoing objection, responsive information may be
found in the following previously produced documents: 22504865 Claim File Log Notes.pdf
(Bates 0000073 - 000132); Claim File Correspondence (Bates 000697 - 001420); Claim File
Correspondence Attachments.pdf (Bates 000597 - 000696); Underwriting File.pdf (Bates
010339 – 010872).**

**SECOND SUPPLEMENTAL ANSWER: Subject to the objections stated in the previous
Answers, Selective further responds that it disclosed the risk of underinsurance to Plaintiffs
in the Policy itself (SELECTIVE005244). Additionally, Mr. Rudow discussed
underinsurance as a potential issue with COI after the loss occurred in 2023. Selective also
addressed underinsurance in multiple communications with COI, including those dated
April 15, 2024 and August 19, 2024.**

15. Identify all premium payments received from plaintiffs, including the date and amount of

payment.

**ANSWER: Selective objects to this Interrogatory as unduly burdensome as Plaintiffs already have this information in their possession.**

**SECOND SUPPLEMENTAL ANSWER: Selective will produce a list of premium payments as part of a supplemental production, and relies on that production pursuant to FRCP 33(d).**

16. Identify all payments made to plaintiffs for their claim, including the date and amount of

payment.

**ANSWER: Selective states that the following payments were made to Plaintiffs in connection with their claim:**

- **01/13/2025** – $490,456.08 (Chicago Ornamental Iron Inc., Business Personal Property 1)
- **01/30/2025** – ($490,456.08) (Chicago Ornamental Iron Inc., Business Personal Property 1)
- **01/30/2025** – $490,456.08 (Chicago Ornamental Iron Inc., Business Personal Property 1)
- **09/09/2024** – $5,522.10 (Chicago Ornamental Iron Inc., Building)
- **09/02/2024** – $4,110.00 (Chicago Ornamental Iron Inc., Machinery/Mechanical Equip)
- **08/27/2024** – ($4,110.00) (Chicago Ornamental Iron Inc., Machinery/Mechanical Equip)
- **08/27/2024** – $4,110.00 (Chicago Ornamental Iron Inc., Machinery/Mechanical Equip)
- **08/19/2024** – ($4,110.00) (Chicago Ornamental Iron Inc., Machinery/Mechanical Equip)
- **08/19/2024** – $4,110.00 (Chicago Ornamental Iron Inc., Machinery/Mechanical Equip)
- **04/17/2024** – $23,544.20 (Chicago Ornamental Iron Inc., Business Personal Property 1)
- **04/15/2024** – $1,191,204.20 (Chicago Ornamental Iron Inc., Building)
- **04/12/2024** – ($23,544.20) (Chicago Ornamental Iron Inc., Business Personal Property 1)
- **04/12/2024** – $23,544.20 (Chicago Ornamental Iron Inc., Business Personal Property 1)
- **03/18/2024** – $100,000.00 (Chicago Ornamental Iron Inc., Manufacturers Property Extn)
- **03/18/2024** – $2,000,000.00 (Chicago Ornamental Iron Inc., Business Income Options)
- **03/06/2024** - $23,677.50 (4340 W 47th Holdings LLC, Manufacturers Property Ext)
- **03/06/2024** - $70,185.65 (Chicago Ornamental Iron Inc., Building)
- **01/05/2024** – ($23,677.50 (4340 W 47th Holdings LLC, Manufacturers Property Ext)
- **01/05/2024** - $23,677.50 (4340 W 47th Holdings LLC, Manufacturers Property Ext)
- **01/04/2024** – ($70,185.65) (4340 W 47th Holdings LLC, Building)
- **01/04/2024** – $70,185.65 (4340 W 47th Holdings LLC, Building)
- **11/17/2023** – $153,349.07 (4340 W 47th Holdings LLC, Building)
- **10/27/2023** – $1,500,000.00 (Chicago Ornamental Iron Inc., Business Personal Property 1)
- **10/26/2023** – $2,918,241.61 (Chicago Ornamental Iron Inc., Building)
- **10/11/2023** – $1,425.00 (Chicago Ornamental Iron Inc., Building)
- **10/07/2023** – ($1,425.00) (Chicago Ornamental Iron Inc., Building)
- **10/07/2023** – $1,425.00 (Chicago Ornamental Iron Inc., Building)
- **09/15/2023** – $47,827.11 (4340 W 47th Holdings LLC, Building)
- **09/15/2023** – $598,827.07 (4340 W 47th Holdings LLC, Building)
- **09/06/2023** – $1,000,000.00 (Chicago Ornamental Iron Inc. DBA COI, Business Personal Property 1)

- **09/06/2023** – $1,000,000.00 (Chicago Ornamental Iron Inc. DBA COI, Business Income Options)
- **07/21/2023** – $1,000,000.00 (Chicago Ornamental Iron Inc., Business Income Options)

17. Identify all oral communications between Selective and plaintiffs relating to plaintiffs' claim and state: (a) who participated in the conversation; (b) when the conversation occurred; (c) whether the conversation was in person, telephone, or other means; (d) where the conversation occurred; and (e) what was said by each of the participants.

**ANSWER: Selective objects to this Interrogatory as it is vague, overbroad, unduly burdensome. Subject to and without waiving these objections, Selective states that records pertaining to any oral communications between Selective and Plaintiffs are reflected in the nonprivileged portions of the claim file maintained by Selective. A copy of the nonprivileged portions of the claim file is being produced with Selective's Responses to Plaintiffs' Requests for Production.**

**Subject to FRCP 33(d), Selective is relying on its production of all responsive, non-privileged portions of its claim file in response to this Interrogatory.**

**SUPPLEMENTAL ANSWER: Pursuant to FRCP 33(d), Selective supplements the above answer as follows:**

**Subject to and without waiving the foregoing objections, responsive information may be found in the following previously produced documents: 22504865 Claim File Log Notes.pdf (Bates 0000073 - 000132); Claim File Correspondence (Bates 000697 - 001420); Claim File Correspondence Attachments.pdf (Bates 000597 - 000696).**

**SECOND SUPPLEMENTAL ANSWER: Selective states that to the extent that any such oral communication between Selective and plaintiffs took place, it would be reflected in the documents referenced in the Supplemental Answer above.**

18. Describe in detail all oral communications between Selective and any third-party regarding plaintiffs' claim, including identifying: (a) who participated in the conversation; (b) when the conversation occurred; (c) whether the conversation was in person, telephone, or other means; (d) where the conversation occurred; and (e) what was said by each of the participants.

**ANSWER: Selective objects to this Interrogatory as it is overbroad, unduly burdensome, and seeks information that might be subject to the attorney-client and/or work product privilege. Subject to and without waiving these objections, Selective states that records pertaining to any oral communications between Selective and third parties are reflected in**

16

the nonprivileged portions of the claim file maintained by Selective. A copy of the nonprivileged portions of the claim file is being produced with Selective's Responses to Plaintiffs' Requests for Production.

Subject to FRCP 33(d), Selective is relying on its production of all responsive, non-privileged portions of its claim file in response to this Interrogatory.

SUPPLEMENTAL ANSWER: Pursuant to FRCP 33(d), Selective supplements the above answer as follows:

Subject to and without waiving the foregoing objections, responsive information may be found in the following previously produced documents: 22504865 Claim File Log Notes.pdf (Bates 0000073 - 000132); Claim File Correspondence (Bates 000697 - 001420); Claim File Correspondence Attachments.pdf (Bates 000597 - 000696).

SECOND SUPPLEMENTAL ANSWER: Selective states that to the extent that any such oral communication between Selective and any non-privileged third party (i.e., not an attorney) took place, it would be reflected in the documents referenced in the Supplemental Answer above.

19. Identify all documents, photographs, videos, engineering reports, adjuster notes, or other records that Selective reviewed and/or relied on in approving, denying, reducing or otherwise limiting plaintiffs' claim.

ANSWER: Selective objects to this Interrogatory as it is vague, overbroad, and seeks information that might be subject to the attorney-client and/or work product privilege. Subject to and without waiving these objections, the information responsive to this Interrogatory, including documents, photographs, videos, engineering reports, adjuster notes, and other records reviewed or relied on in connection with plaintiffs' claim, is contained in the nonprivileged portions of the claim file maintained by Selective. A copy of the nonprivileged portions of the claim file is being produced with Selective's Responses to Plaintiffs' Requests for Production.

Subject to FRCP 33(d), Selective is relying on its production of all responsive, non-privileged portions of its claim file in response to this Interrogatory.

SUPPLEMENTAL ANSWER: Pursuant to FRCP 33(d), Selective supplements the above answer as follows:

Subject to and without waiving the foregoing objections, responsive information may be found in the following previously produced documents: 22504865 Claim File Log Notes.pdf (Bates 0000073 - 000132); Claim File Correspondence (Bates 000697 - 001420); Claim File Correspondence Attachments.pdf (Bates 000597 - 000696); 1.31.25 COI Documentation.pdf (Bates 000001 – 000072); Financial Corr 01_04_2024 16_54_51.xlsx; Financial Corr

17

01_05_2024 14_40_38.xlsx; Financial Corr 04_12_2024 12_38_23.xlsx; Financial Corr 09_09_2024 14_46_24.xlsx; Financial Corr 09_15_2023 11_53_43.xlsx; COI (Roof Collapse) Business Interruption _2023 09 06.xlsx; COI (Roof Collaspe) Sub #1 Claim Schedule_2023 09 06.xlsx; COI (Roof Collapse) GL Invoices_2024 02 15.xlsx; COI (Roof Collapse) Sub #2 Claim Schedule_2024 02 15.xlsx; Invoices.pdf (Bates 002733 - 004114); Chicago Ornamental Iron - Welders List from Envista w.comments.xlsx; IT Inventory.xlsx; Estimates.pdf (Bates 001823 - 002729); AirGas Purchase Order #20236315.pdf (Bates 002730 - 002732); Chicago Ornamental Iron - Equipment List from Envista.xlsx; Chicago Ornamental Iron Inventory C-23079476 _MK.xlsx; Chicago Ornamental Iron Raw Steel Inventory C-23079476 _JS.xlsx; COI Revised 1-15-24 No Inventory.xlsx; Inventory Working Copy 1-15-24.xlsx; Office Inventory Sheet for Claim.xlsx; 20241125 RFP_COIRemdial Plumbing Improvements.pdf (Bates 006613 - 006619); COI Plumbing Proposal- 11.25.2024.pdf (Bates 006620 - 006621); Backup to List of BPP Purchased.pdf (Bates 000144 - 000596); COI Amex Back Up Documentation.pdf (Bates 001421 - 001712); Emergency Services Documentation.pdf (Bates 001732 - 001822); 4340 W. 47th St. INDUSTRIAL SPACE LEASE.pdf (Bates 000137 - 000143); Drawings.pdf (Bates 001713 - 001731); Payroll Reports.pdf (Bates 004485 - 004609); as well as all included time element documentation.

20. Identify the categories of documents maintained in Selective's claim file for plaintiffs' claim.

**ANSWER: Selective objects to this Interrogatory as vague. To the extent Plaintiff seeks information about documents in Selective's claim file, that information is contained in the nonprivileged portions of the claim file maintained by Selective. A copy of the nonprivileged portions of the claim file is being produced with Selective's Responses to Plaintiffs' Requests for Production.**

**Subject to FRCP 33(d), Selective is relying on its production of all responsive, non-privileged portions of its claim file in response to this Interrogatory.**

**SUPPLEMENTAL ANSWER: Pursuant to FRCP 33(d), Selective supplements the above answer as follows:**

**Subject to and without waiving the foregoing objection, the categories of documents maintained in Selective's claim file for Plaintiffs' claim remain as previously produced in Selective's initial production. The non-privileged portions of Selective's claim file—including, but not limited to, claim correspondence, claim notes/logs, policy materials, underwriting and coverage documentation, time-element documentation, estimates, repair proposals, invoices, payment records, and related claim-handling materials—have been produced and are available to Plaintiff to evaluate. Selective it is not aware of any additional non-privileged categories of documents responsive to this Interrogatory beyond those previously produced.**

21. State whether Selective obtained any third-party opinions in connection with adjusting plaintiffs' claim. If so, identify each third-party, the date of the opinion, and summarize the substance of each opinion.

**ANSWER: Selective objects to this Interrogatory as seeking information potentially subject to the attorney-client and/or work product privileges. Subject to these objections and without waiving them, any non-privileged third-party opinion related to the adjustment of Plaintiffs' claim is contained in the nonprivileged portions of the claim file maintained by Selective. A copy of the nonprivileged portions of the claim file is being produced with Selective's Responses to Plaintiffs' Requests for Production.**

**Subject to FRCP 33(d), Selective is relying on its production of all responsive, non-privileged portions of its claim file in response to this Interrogatory.**

**SUPPLEMENTAL ANSWER: Pursuant to FRCP 33(d), Selective supplements the above answer as follows:**

**Subject to and without waiving the foregoing objections, responsive information may be found in the following previously produced documents: Underwriting File.pdf (Bates 010339 – 010872); 22504865 Claim File Log Notes.pdf (Bates 0000073 - 000132); Claim File Correspondence (Bates 000697 - 001420); Claim File Correspondence Attachments.pdf (Bates 000597 - 000696); Estimates.pdf (Bates 001823 - 002729); Chicago Ornamental Iron - Welders List from Envista w.comments.xlsx; IT Inventory.xlsx; 20241125 RFP_COIRemdial Plumbing Improvements.pdf (Bates 006613 - 006619); COI Plumbing Proposal- 11.25.2024.pdf (Bates 006620 - 006621); as well as all included time element documentation.**

**SECOND SUPPLEMENTAL ANSWER: Selective has not yet obtained any opinions from third-parties that would be subject to expert disclosure requirements. If and when Selective does, it will produce those opinions as required by the Federal Rules. The documents referred to in the Supplemental Answer above contain the reports of various third parties that evaluated the claimed loss on Selective's behalf, to the extent those reports can be considered "opinions."**

22. Identify all expert witnesses Selective will call to testify at trial along with: (i) the subject matter on which the witness will testify; (ii) the conclusions and opinions of the witness and the bases therefor; (iii) the qualifications of the witness; and (iv) any reports prepared by the witness about the case.

**ANSWER: Selective objects to this Interrogatory as premature. Selective will comply with the Federal Rules of Civil Procedure, applicable local rules, and any scheduling orders entered by the Court.**

23. State whether Selective has ever been sued for bad faith or wrongful denial of a claim in

the last five years. For each such case, state the court, docket number, and outcome.

**ANSWER: Selective objects to this Interrogatory as irrelevant, unduly burdensome, and seeking information not relevant to any party's claim or defense, and not proportional to the needs of this case.**

24. State whether Selective has been the subject of any regulatory complaints related to its

claims handling in the past five years. If yes, identify the regulatory body and the matter number,

the number, the nature of the complaints, and the resolution.

**ANSWER: Selective objects to this Interrogatory as overly broad, unduly burdensome, seeking information not relevant to any party's claim or defense, and is not proportional to the needs of this case.**

25. Identify the reserve amount set for plaintiffs' claim and explain how that amount was

calculated.

**ANSWER: Selective objects to this Interrogatory as seeking confidential and irrelevant information that is not relevant to any claim or defense in this action.**

Respectfully Submitted,

Selective Insurance Company of America

By: */s/ Michael P. Baniak*

Michael P. Baniak
Zachary G. Stillman
LITCHFIELD, CAVO, LLP
303 West Madison, Suite 300
Chicago, IL 60606
(312) 781-6596 (Baniak)
(312) 781-6672 (Stillman)
Baniak@litchfieldcavo.com
Stillman@litchfieldcavo.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 11, 2025, the foregoing Defendant Selective Insurance Company of America's Second Supplemental Answers to Plaintiffs' Interrogatories were served via email to all parties of record.

/s/Michael P. Baniak
One of the Attorneys for Defendant